# Templin v. The State.

### Trespass After Warning.

(Decided Feb. 9, 1909. Rehearing denied April 6, 1909.
48 South. 1027.)

1. *Trespass; After Warning; Person Giving Warning.*—Where the warning is given by one in his capacity as an officer of the law, and not as the agent of the owner, the person so warned cannot be convicted of trespass after warning, although the person giving the warning was the agent of the owner with authority to warn all trespassers.

2. *Indictment and Information; Conjunctive Averment; Proof.*—Where two offenses are charged conjunctively in an indictment or affidavit, proof must be made of both charges in order to sustain a conviction.

3. *Same; Joinder of Offenses.*—An affidavit charging a trespass after warning, and a refusal to leave the premises after being warned to do so charges two offenses conjunctively.

4. *Criminal Law; Disposition of Cause.*—Where the evidence shows conclusively that there can be no conviction for the offense charged, a judgment of conviction will be reversed and the defendant discharged.

APPEAL from Bibb County Court.

Heard before Hon. W. L. PRATT.

J. C. Templin was convicted of trespassing after warning, and he appeals. Reversed, and accused discharged.

The affidavit was in the following language: "Personally appeared before me, G. G. Pate, a justice of the peace in and for said county, C. C. Peyton, who being duly sworn, says on oath that J. C. Templin, within 12 months before making this affidavit, in said county, did trespass after warning, and did refuse to leave the prem-

[Templin v. The State.]

ises of Red Feather Coal Company, after being warned to do so, against the peace and dignity of the state of Alabama," etc. The evidence tended to show that the defendant was on a road which led from the main public road near Lucile to the post office, commissary, and houses occupied by the employes of the Red Feather Coal Company, when he was warned to get off the property. The warning came from Peyton, whose testimony tended to show that it was given in his capacity as an officer of the law, and not as an agent or employe of the Red Feather Coal Company.

FRANK S. WHITE & SONS, and J. B. GARBER, for appellant. The affidavit upon which appellant was arrested and tried was an absolute nullity.—Section 7827, Code 1907.—*Goldsmith's Case,* 86 Ala. 55. Defendant has a right to demand the nature and cause of the accusation so as to enable him to identify the offense with which he was charged in the affidavit.—*Sandy v. The State,* 60 Ala. 18; *Emmons v. The State,* 87 Ala. 12; *Withers v. The State,* 117 Ala. 89; *Wright v. The State,* 136 Ala. 139. The affidavit should have averred the facts showing that the company was a corporation.—*Seymour v. Thomas-Harrow Co.,* 81 Ala. 252; *People v. Schwarz,* 32 Cal. 160; 63 Ill. 453; 73 Ala. 482. The time should have been alleged.—*Musgrove v. The State,* 139 Ala. 137; *Anderson v. The State,* 130 Ala. 126. See generally.— 71 Ala. 344; 55 Ala. 182; 94 Ala. 106; 89 Ala. 43; 104 Ala. 160. Perry should not have been allowed to state whether the road was a public road.—*McDade v. The State,* 95 Ala. 30; 9 A. & E. Ency of Law, 362. The evidence did not support the affidavit and should have been excluded on motion.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, AssistantAttorney General, and W. W.

LAVENDER, Solicitor, for the State. If there was any possible error in allowing Perry to testify concerning the road it was error without injury.—*Norris v. The State,* 39 South. 608; *Thompson v. The State,* 122 Ala. 12; *Sanders v. The State,* 131 Ala. 1; *Murphey v. The State,* 118 Ala. 137. There is not objection to the question that it was leading.—*Ray v. The State,* 126 Ala. 9. The record shows that the answer was favorable to the defendant, and he cannot complain.—132 Ala. 17; 98 Ala. 590; 75 Ala. 31. The affidavit was sufficient.—*Randle v. The State,* 46 South. 759. Under the facts in this case as shown by the record, the demurrers to the affidavit were waived.—*Haardt v. Sharpton,* 124 Ala. 638. The complaint sufficiently charged the offense and the sufficiency of the evidence was for the court.—*Cross v. The State,* 147 Ala. 125; *Wright v. The State,* 136 Ala. 139; *Wilson v. The State,* 87 Ala. 117. There is nothing in the act creating the court to authorize this court to review the findings of the trial court, unless that authority is given by section 5361 of the Code.—*Lloyd v. Oates,* 143 Ala. 237; Acts 1894-5, p. 112. Judgment should be affirmed even if the action of the court can be reviewed.—*Holmes v. The State,* 39 South. 569.

MAYFIELD, J.—On further examination of this record we find no evidence to support the judgment of conviction. The undisputed evidence shows that the warning given was by Peyton as an officer of the law, and not, as the agent of the owner of the premises. While it is shown that Peyton was the agent of the company, the owner of the premises, and had authority to warn off trespassers, yet he testified that he warned defendant as an officer of the law, and not as the agent of the owner.

[Templin v. The State.]

The affidavit or complaint charged that defendant trespassed after warning, and refused to leave the premises after being warned. It charged two offenses conjunctively, and this required proof of both. There was no attempt to prove the first—in facts, all the evidence indisputably disproved it; nor did the evidence prove any offense, if properly charged. The evidence conclusively showing that there could be no conviction of the offense charged, the judgment is reversed, and judgment will be here rendered discharging the defendant.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.

MAYFIELD, J.—The writer is of the opinion, though the other justices do not agree with him in this, that the affidavit was insufficient to support a conviction, in that there was no oath or affirmation to support it, that affiant had probable cause for believing, and did believe, that an offense was committed, and that defendant was guilty thereof, as required by the statute (Code 1907, § 6703), and that both the arrest and the prosecution were in palpable violation of sections 5, 7, and 8 of the state Constitution of 1901, which read as follows:

"Sec. 5. That the people shall be secure in their persons, houses, papers and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."

"Sec. 7. That no person shall be accused or arrested, or detained, except in cases ascertained by law, and according to the form which the same has prescribed; and no person shall be punished but by virtue of a law established and promulgated prior to the offense and legally applied.

"Sec. 8. That no person shall, for any indictable offense, be proceeded against criminally, by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for malfeasance, misdemeanor, extortion and oppression in office, otherwise than is provided in the Constitution; provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."

The mere statement, in the affidavit, that the offense was committed and the defendant was guilty, is not a compliance with the statute authorizing prosecutions to be commenced by such affidavit, nor a compliance with the Constitution. The Constitution requiring that "no warrant shall issue * * * without probable cause, supported by oath," etc., and that arrests and prosecutions must be according to forms prescribed by law, and the statute having prescribed what is sufficient to support the warrant and prosecution, in lieu of an indictment (which would otherwise be necessary), and having not only done this, but given the form thereof, this court cannot say that a different form from that prescribed by law is as good as, or better than, the only one prescribed by the Legislature. If the Legislature had done as to the affidavits, as it has as to indictments, then the affidavit in question would be sufficient; but it has not done so. It has not said that this form prescribed, or some other like it, will be sufficient; but it has said that the one given or prescribed is sufficient. Courts can only construe, expound, and apply the statutes. They cannot reform them, nor make others, and say these are the law, because better than the ones the

Legislature made. The form that the "law" (the Constitution and the statute) has prescribed for this arrest and this prosecution, and which the Constitution directs and demands, provides that the affiant shall make oath that he (affiant) has probable cause for believing, and does believe, what he swears. It also requires the judge, court, or justice issuing the process, thus starting the criminal machinery of the state agoing against the citizen, to have such probable cause for believing that the offense charged in the affidavit was committed.

This record shows that there was not the semblance of an attempt to comply with this form prescribed by law, but that an entirely different one was adopted—one which the court must, in my humble opinion, say is not the one prescribed, but a better one. The court has no more power or right to make a better one, than it has to make a worse one, than that "prescribed by law." This case illustrates, as clearly and strongly as it is possible so to do, the evils of allowing prosecutions to be begun and tried in such manner. Here is a man traveling upon the highway, when he is suddenly hailed and halted, and told by another he is a trespasser—a law breaker—and peremptorily ordered to then and there turn his wagon around and leave the road. He refuses so to do, until he can proceed a few yards and deliver some food and vegetables to customers who had ordered same—promising to thereupon leave at the bidding of this lawmaker and executioner; but this small request is denied the citizen, and he is then and there arrested, deprived of his liberty, and carried before a magistrate, and this lawmaker and executioner swears he has committed two offenses. Upon this a warrant is issued, returnable to the court, and the citizen is put upon trial; and on the evidence of the lawmaker and executioner, and all the other witnesses, he is convicted and sentenc-

ed. He appeals to this court; and the cause must be reversed and rendered, because the evidence, which is undisputed, shows the commission of no offense.

I deem it proper to say here that what is stated above is not intended as a criticism of the affiant and officer who made this arrest and affidavit, because it conclusively appears that he testified truly, fully, and freely as to all things, and did only what he thought was his duty, but that the wrong is in the practice, which requires a man not learned in the law to make, construe, and execute the law, without any kind of a quasi judicial determination as to whether any offense at all has been committed.