(77 South. 914)

## EDELMAN v. CITY OF GADSDEN.
### (7 Div. 487.)

(Court of Appeals of Alabama.   Jan. 15, 1918.)

1. CRIMINAL LAW ⚖➡417(2) — CONVERSATION HAD DURING DEFENDANT'S ABSENCE.

Testimony as to a conversation had by a witness with third person when defendant was absent was inadmissible where no part of res gestæ.

2. TRESPASS ⚖➡81 — AFTER NOTICE NOT TO ENTER.

Under ordinance imposing penalty for entering into the dwelling house or upon the premises of another after having been warned not to do so, if notice not to enter was given by the landlord and not by the tenant there could be no conviction of defendant who entered dwelling house of tenant to collect rent.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Sam Edelman was convicted of violating an ordinance of the City of Gadsden, and he appeals.  Reversed and remanded.

Over the objection of defendant, the court permitted witness Collier to be asked: "What did you say to him about it?"  And permitted the following answer:

"I told Lonnie (meaning Battie), and I told the rest of them, that the regulations of those signs at each entrance of the quarters would have to be complied with if they stayed in the quarters."

The following charges were refused to defendant:

(2) Trespass after warning is an offense against the possession, and does not involve the question of title or ownership, and unless the one is given by the tenant, or the party in possession, there can be no conviction under this charge.

(3) If you believe from the evidence in this case that the warning or notice not to enter was given defendant by the landlord, and not by the tenant in actual possession of the premises entered, then you must find defendant not guilty.

E. O. McCord, of Gadsden, for appellant.
Hugh H. White, of Gadsden, for appellee.

BRICKEN, J.  The defendant was tried and convicted in the mayor's court of the city of Gadsden for the violation of a city ordinance, the charge being trespass after warning.  He took an appeal to the circuit court of Etowah county, and was tried on a complaint filed by the city.  No objection by demurrer or otherwise was made to the complaint, and from a judgment of conviction in the circuit court this appeal is taken.

The ordinance under which the defendant was convicted is as follows:

"Any person who is found on the premises of another in the nighttime under suspicious circumstances, or who without legal cause or good excuse enters into the dwelling house or on the premises of another after having been warned not to do so, must, on conviction, be fined not less than one, nor more than one hundred dollars."

The evidence was practically without material conflict.  The defendant went into the dwelling house of Lonnie Battie and Clara Battie for the purpose of collecting money due him by both of these parties for merchandise sold to them by defendant on a former occasion.  The house in question was the property of the Gulf States Steel Company and had been rented by said company to Battie and his wife for a dwelling house.  The testimony showed that they had been renting from the company and living there about five years.  One Collier, an agent or employé of said company, had warned defendant not to go upon the property of the company; there was no specific warning as to the Battie home.  It was also shown that there was a sign at four different places on the property of the company, forbidding solicitors, collectors, and peddlers to trespass upon the premises.

[1] During the redirect examination of the witness Collier, the court, over the timely objection of the defendant, allowed the witness to testify as to a conversation he had with Lonnie Battie at the time he rented him the house for the company.  This ruling of the court is made the basis of assignment of error No. 1, and in our opinion is well taken.  The defendant was not present at the time of this conversation, and, it not having been a part of the res gestæ, the objection to the question, "What did you say to him about it?" should have been sustained.  Several other exceptions were taken to the rulings of the court upon the evidence; but it does not appear that such rulings, if error, were prejudicial to the substantial rights of the defendant.

[2] Special charges 2 and 3 requested in writing by the defendant should have been given, and their refusal was error.  Matthews v. State, 81 Ala. 66, 1 South. 43; Sewell v. State, 82 Ala. 57, 2 South. 622; Morrison v. State, 155 Ala. 115, 46 South. 646; Templin v. State, 159 Ala. 128, 48 South. 1027.

For the errors above indicated, the judgment of the lower court must be reversed, and the cause remanded.

Reversed and remanded.