(90 South. 37)

### FEARN v. STATE.  (8 Div. 815.)

(Court of Appeals of Alabama.  April 19, 1921.)

1. **Criminal law ⟺696(5)—Defendant could not have stricken out answer not objected to.**

Where defendant did not object to the propounded question as to whether witness and defendant knew that the goods they had received had been stolen, a motion to strike the affirmative answer was too late and was properly overruled.

2. **Witnesses ⟺388(2)—Could not be questioned as to statement for impeachment without foundation.**

A witness for defendant could not be questioned as to a statement by a witness for the state for the purpose of impeaching the state's witness, where no foundation for such impeachment had been laid.

3. **Criminal law ⟺670—Accused should inform court that statement was offered as res gestæ.**

If a statement called for by defendant's question was intended to show a part of the res gestæ, the defendant should have made that fact known to the court.

4. **Criminal law ⟺829(10)—Requested charge accomplice was promised immunity properly refused.**

In a prosecution for receiving stolen goods, where defendant's accomplice testified for the state, but there was no evidence that he had been promised immunity for so doing, a requested charge that the law implies a promise of immunity if the accomplice fully discloses the guilt of himself and his associate was properly refused, where the court had instructed that a conviction could not be based on the testimony of the accomplice alone.

5. **Criminal law ⟺829(10)—Requested charge as to interest of an accomplice witness held properly refused.**

A charge that, in determining the weight to be given the testimony of an accomplice, the jury should consider that fact, and that the law implied a promise of immunity to the accomplice, if requested to show the interest of the witness against defendant, was too vague and uncertain, and was properly refused, where the court had charged the jury to consider the interest of any of the witnesses in determining their credibility.

6. **Criminal law ⟺1144(18)—Evidence on new trial hearing presumed to support ruling.**

The court's action in overruling the motion for a new trial must be affirmed, if the record does not show what, if any, evidence was offered upon the motion, so that it will be presumed that no sufficient evidence was offered to support it.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Percy Fearn was convicted of receiving stolen property or concealing same, and he appeals.  Affirmed.

The evidence for the state tended to show that certain automobile tires and tubes were stolen from the place of business of Clarence Wise, and that some of them were sold by the defendant and one Lackey, and that others were concealed by them.  Lackey testified in the case, and his evidence tended to show that Twist and Edwards stole the tires and tubes, and that he and Fearn took them around and sold them, and that both had knowledge that they had been stolen.  The following charge was refused the defendant:

"(7) In determining what weight you will give the testimony of Lackey, you will consider the fact, if you find it to be a fact, that he was the accomplice of the defendant, and that the law implies a promise on the part of the state that he will not be prosecuted for the same offense if he fully and fairly discloses the guilt of himself and associate."

The motion for a new trial was based on the fact that the verdict was contrary to the evidence, and that the court erred in refusing the charge above set out.

Douglas Taylor, of Huntsville, for appellant.

Charge 7 should have been given.  86 Ala. 36, 5 South. 443.  Counsel also discusses exceptions to evidence, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in refusing charge 7. 99 U. S. 594; 41 N. J. L. 15; 204 Ala. 345, 86 South. 92.  The motion for new trial will not be considered.  16 Ala. App. 545, 79 South. 804.

BRICKEN, P. J.  The defendant was indicted, tried, and convicted for the offense of buying, receiving, or concealing, or aiding in concealing, certain personal property, knowing that it had been stolen, and not having the intent to restore it to the owner; the value of the property being sufficient to constitute the offense a felony.

[1] There were but two exceptions reserved to the rulings of the court upon the testimony.  When state witness Lackey was being examined on direct examination, the solicitor propounded to him the following question: "You and Percy (the defendant) knew that they were stolen?"  No objection whatever was interposed to this question, and the witness answered in response thereto "Yes, sir."  The court properly overruled the objection then interposed, as it came too late.

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A party cannot be permitted to speculate upon the answer of a witness, and, if when given it is not satisfactory, move to exclude the answer. It is necessary to direct the objection to the question when propounded, and not to the answer which was made without objection.

[2, 3] Defendant's witness Jim Patton testified, among other things, "that on the night in question he met Nelse Lackey [state witness] down there by the Baptist Church, and he had a bundle in his hand." Whereupon defendant's attorney asked the (his) witness, "Did he [Nelse Lackey] say anything to you about having any tires, or about any tires being stolen, or having been stolen that night?" The state objected to this question, which was sustained. There was no error in this ruling. If the question was asked for the purpose of impeaching the witness Lackey, no predicate had been laid, as the elementary rules of evidence require; it was therefore inadmissible for this purpose. If the question was asked for the purpose of showing a part of the res gestæ, that fact was not made known to the court, which was necessary in order to put the court in error as a result of this ruling. The question upon its face appeared inadmissible and illegal, and the court properly so held.

[4, 5] The refusal of charge 7 requested by the defendant was without error. It was more or less argumentative, but, from the evidence in this case as shown by the record, was wholly abstract, as there is nothing in this record to show that any promise of immunity of any character had been made to witness Nelse Lackey, and, so far as the record shows, this witness testified freely and voluntarily in the case, and the court properly and clearly charged the jury that, if they found from the evidence that this witness Lackey was an accomplice in the commission of the offense charged, his testimony must have been corroborated by other evidence in the case before they would be authorized to convict the defendant. If the charge was asked for the purpose of showing interest, bias, partiality, or prejudice upon the part of the witness as against the defendant, it, was too vague and uncertain for this purpose, and there was no error in its refusal. Moreover, the court in his oral charge instructed the jury "to take the testimony of the witnesses as given from the stand, and in considering it you have a right to look at their manner of testifying, to consider the reasonableness of their story, and to consider the interest of any of the witnesses in the outcome of the trial, if any witness has shown any interest."

[6] The court's action in overruling the motion for a new trial must be affirmed, as it is not shown what, if any, evidence was offered upon the motion; therefore the presumption will be indulged that no sufficient evidence was introduced, and that the court ruled properly in denying the motion. King v. State, 16 Ala. App. 103, 75 South. 692; Crawley v. State, 16 Ala. App. 545, 79 South. 804.

The record is free from error, and the judgment of conviction is affirmed.

Affirmed.