(93 South. 45)

**CONNELLY v. STATE.**   (8 Div. 788.)

(Court of Appeals of Alabama.   April 4, 1922.)

1. Criminal law ☞753(2)—Affirmative charge properly refused, where there was ample evidence to warrant conviction.

Where there was ample evidence, if believed by the jury beyond a reasonable doubt, to warrant a conviction of either of the alternative averments in the complaint, the affirmative charge was properly refused.

2. Intoxicating liquors ☞233(2)—Evidence as to the character of whisky in question held admissible.

Where, in a prosecution for violation of the prohibition laws, a witness testified, "I found two quarts of whisky in Wood's store,"

it was permissible to show the kind and character of the whisky in question.

**3. Criminal law ⊙⟝693—Error in overruling objection to a question cannot be considered, where the objection was interposed after the question was answered.**

Any error of the trial court in overruling objection to the introduction of evidence cannot be considered, where the question was asked and answer given before objection was interposed.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

J. A. Connelly was convicted of violating the prohibition law, and he appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant.

Counsel discusses his insistences for error, but he cites no authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss errors assigned, but without citation of authority.

BRICKEN, P. J. This prosecution originated in the county court of Jackson county, and from a judgment of conviction in said court the defendant appealed to the circuit court, and was there tried upon a complaint filed by the solicitor. The charge was for a violation of the prohibition law; that he "had for sale, or offered for sale, prohibited liquors and beverages." No demurrer or other objection to the complaint was filed, and the jury returned a general verdict of guilty, assessing a fine of $50.

[1] On this appeal the defendant insists that the court erred in refusing the general affirmative charge, requested in writing; the charge being asked upon the theory that the evidence was insufficient to support the verdict of the jury. We have examined the evidence, and as a result are of the opinion that the court properly refused the affirmative charge, as there was ample evidence in this case, if believed by the jury beyond a reasonable doubt, to warrant a conviction of either of the alternative averments in the complaint.

[2, 3] Without objection, witness A. Brewton testified, among other things, "I found two quarts of whisky in Wood's store." And in response to the question by the solicitor, "What kind of liquor was it?" he answered, "It looked like corn whisky." Thereupon the defendant objected to the witness being allowed to testify as to what kind of whisky it was, and excepted to the court in overruling the objection. There is no merit whatever in this contention, it being permissible to show the kind and character of the whisky in question, and the defendant could in no manner suffer injury thereby. Moreover, the objection came too late; the question having been asked and the answer given before objection was interposed.

The record is free from error, and the judgment of the circuit court is affirmed.

Affirmed.