(93 South. 691)

**PATTERSON v. STATE.    (8 Div. 930.)**

(Court of Appeals of Alabama.   April 18, 1922.
Rehearing Denied May 9, 1922.)

1. **Intoxicating liquors ⬅238(1) — Circumstances tending to show manufacturing of prohibited liquor by defendant sufficient to go to jury.**

In a prosecution for manufacturing intoxicating liquors, evidence of facts and circumstances *held* sufficient to go to the jury.

2. **Criminal law ⬅696(5)—Where question unobjected to, no error in overruling motion to exclude answer.**

In a liquor prosecution, where a question that called the answer "that the empty sacks in the wagon were the same size sacks as those in the smokehouse" was not objected to at trial, the court will not be put in error in overruling motion to exclude the answer.

3. **Criminal law ⬅763, 764(3, 4)—Refusing instruction that no intoxicating liquors were manufactured in place spoken of by witnesses, after January 25, 1919, not error.**

In an intoxicating liquor prosecution, the refusal of defendant's instruction that there was no evidence that liquor had been manufactured or distilled at the place spoken of by witnesses for the state after January 25, 1919, was not error.

4. **Criminal law ⬅763, 764(3, 4)—Refusal of instruction that no evidence connected defendant with manufacture of liquor mentioned in indictment not error.**

In an intoxicating liquor prosecution, the refusal of an instruction that there was no evidence that any liquor mentioned in the indictment was manufactured, notwithstanding there may be evidence tending to show that defendant was connected in some way with preparing to make some of the liquors mentioned, was not error.

5. **Criminal law ⬅763, 764(7)—Refusing instruction that if jury believed evidence, to find defendant not guilty, not error.**

In an intoxicating liquor prosecution, where there was evidence connecting defendant with the manufacture, the refusal of an instruction that, if the jury believed the evidence, they would find defendant not guilty, was not error.

6. **Criminal law ⬅763, 764(6)—Refusing instruction that possession of sugar is not evidence that one in possession made liquor not error.**

In an intoxicating liquor prosecution, where there was evidence of unusual quantities of sugar in defendant's smokehouse in sacks, the refusal of an instruction that the possession of sugar is not evidence that one in possession made liquor was not error.

7. **Criminal law ⬅763, 764(6)—Refusing instruction that possession of sugar sacks not evidence that possessor made liquor not error.**

In an intoxicating liquor prosecution, where there was evidence of unusual quantities of sugar in sacks found in defendant's smokehouse, the refusal of an instruction that the possession of sugar sacks is not evidence that the possessor of such sacks made liquor, is not error.

8. **Criminal law ⬅789(4)—Refusing instruction that question of whether defendant moved to jury's neighborhood as affecting reasonable doubt not error.**

In an intoxicating liquor prosecution, where there was evidence connecting defendant with the manufacture, the refusal of an instruction that it is not a question of whether you (jury) moved to his neighborhood, or moved the defendant into yours, but whether you are satisfied beyond a reasonable doubt that defendant is guilty as charged, was not error.

9. **Criminal law ⬅763, 764(6)—Refusing instruction that fact that witness complained about his cow getting drunk and defendant's denial of knowledge of distillery not evidence that defendant knew of distillery.**

In an intoxicating liquor prosecution, refusing an instruction that the fact that H. complained to defendant about his (H.'s) cow or hog getting drunk, and defendant then denied having anything to do with the matter or knew nothing of it, is not evidence that defendant knew anything of the distillery, was not error.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Criminal law ⬳763, 764(6)—Refusing instruction that one complained to defendant about his cow getting drunk, as no more evidence against defendant than to others to whom H. complained, was not error.**

In an intoxicating liquor prosecution, the refusal of an instruction that H. complained to defendant about his hog or cow getting drunk is no more evidence against defendant than it is against others to whom H. complained, was not error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Pruitt Patterson was convicted of a violation of the prohibition laws, and he appeals. affirmed.

Certiorari denied, 93 South. 923.

The following charges requested by the defendant were refused by the trial court:

10. "The court charges the jury that there is no evidence that any liquor had been made or distilled at the place spoken of by the sheriff and witnesses for the state after January 25, 1919."

11. "The court charges the jury that there is no evidence that any liquor mentioned in the indictment was made, manufactured, or distilled, notwithstanding there may be evidence tending to show that he may have been connected in some way with making preparation to make, manufacture, or distill some of all of the liquors mentioned in the indictment."

12. "The court charges the jury that if they believe the evidence they will find the defendant not guilty."

13. "The court charges the jury that the possession of sugar is not evidence that the one in possession made liquor."

14. "The court charges the jury that the possession of sugar sacks is not evidence that the possessor of such sacks make liquor."

15. "The court charges the jury that it is not a question of whether you move to 'Honey,' or move the defendant into your neighborhood, but whether you are satisfied beyond all reasonable doubt that the defendant is guilty as charged in the indictment."

16. "The court charges the jury that the fact Hardin complained to defendant about his (Hardin's) cow or hog getting drunk, and defendant then and there denied having anything to do with the matter or knew nothing of it, is not evidence that the defendant knew anything of the distillery."

17. "The court charges the jury that the fact that Hardin complained to the defendant about his hog or cow getting drunk is no more evidence against him than it is against others to whom he complained."

John A. Lusk & Son, of Guntersville, for appellant.

The court erred in declining to exclude evidence as to similarity in size of sacks found in the wagon and in the smokehouse. 16 Ala. App. 77, 75 South. 625; 16 Ala. App. 170, 76 South. 407. The court erred in refusing defendant's requested charges 10 to 17, inclusive. 17 Ala. App. 310; 17 Ala. App. 479, 85 South. 870.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that he made or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, since January 25, 1919.

[1] The finding of a still set and ready for operation a short distance from the defendant's house in June, 1919; 36 barrels of beer there with sugar in the bottom of the barrels; coals or ashes about the furnace, with one tank full of beer; the finding of a two horse wagon track leading from the still to defendant's house; the finding of such a wagon at defendant's house with empty sugar sacks therein, and unusual quantities of sugar in the defendant's smokehouse in sacks; the meeting of the defendant going in the direction of, and close to, the still at the time it was located by the officers; and the fact that shortly after complaint was made to defendant, that a neighbor's cows were being made drunk by (supposedly) drinking the beer at the still, that the still place was fenced up—were all facts and circumstances which had a tendency to show the manufacturing of prohibited liquors by the defendant, and this subsequent to January 25, 1919, and made the question of defendant's guilt vel non one for the jury to pass upon.

[2] It is not shown by the record that the defendant objected to the question that called forth the answer, "that the empty sacks in the wagon were the same size sacks as those in the smokehouse," and on this account the trial court will not be put in error for overruling the motion to exclude the answer. It cannot be said, however, that such ruling would have been error had the question been objected to.

[3-10] There was no error in the refusal to give the several written charges requested by the defendant.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes