### HAMLETT v. STATE.   (3 Div. 434.)

(Court of Appeals of Alabama.   April 3, 1923.
Rehearing Denied May 8, 1923.)

**1. Homicide ⊙═171(1)—Evidence as to actions of defendant's sister at time of killing not immaterial and irrelevant.**

In prosecution for homicide by shooting, evidence that, after defendant had shot deceased, and deceased was lying on the floor, defendant's sister ran up and "commenced grabbing him, and told them to get away, don't bother him, don't go about him, and defendant's brother was running up and down," *held* not subject to a motion to exclude as being illegal, irrelevant, and immaterial, since in describing a homicide a witness should as nearly as possible present a description of everything relating to the crime charged tending even in a remote degree to shed light on the killing.

**2. Criminal law ⊙═696(5)—Defendant may not wait until question is answered, and, if unfavorable, move to exclude.**

In a homicide case a defendant may not wait until a question is answered, speculating as to what the answer may be, and, if unfavorable, move to exclude.

**3. Homicide ⊙═339—Refusal to exclude answer that witness could not say whether deceased saw the man who shot him held not prejudicial.**

In a homicide case, where the state was permitted to ask a witness whether deceased saw the man who shot him, refusal to exclude an answer that witness "couldn't say" *held* not prejudicial.

**4. Criminal law ⊙═419, 420(11)—Conversation in defendant's absence inadmissible as hearsay.**

A conversation between witness and another in defendant's absence, and not being a part of the res gestæ, *held* inadmissible as hearsay.

**5. Criminal law ⊙═1169(2)—Admission of hearsay conversation rendered harmless by subsequent proof thereof by defendant.**

Where evidence as to a conversation between witness and another in defendant's absence, and therefore hearsay, is admitted, it is rendered harmless where defendant subsequently proves the conversation.

**6. Criminal law ⊕=1153(4)—Witnesses ⊕=267 —Limits of cross-examination largely in discretion of trial court.**

Limits of cross-examination in a homicide case are left largely to the discretion of the trial court, and when not abused will not be reviewed.

**7. Criminal law ⊕=1170½(2)—Improper question as to character of defendant's witness rendered harmless by negative answer.**

Where, relative to the character of one of defendant's witnesses another witness was asked whether he had heard that the officers of the law forced him to marry his wife, the question was rendered harmless by a negative answer.

**8. Criminal law ⊕=683(1)—Evidence in explanation of conversations between witnesses held properly admitted.**

In a prosecution for homicide, where, on rebuttal examination of a state's witness, the court permitted him to testify to matters in explanation of conversations testified to as having occurred between witness and defendant's witness, and as to what he did towards removing a pistol from the dead man before the officer arrived, held, that such evidence was not improper, defendant's witness having testified contra.

**9. Homicide ⊕=300(12)—Charge as to justification properly refused as pretermitting entering into fight willingly.**

In a prosecution for homicide, it was not error to refuse to charge that one is justified in taking the life of another if at the time the defendant was free from fault in bringing on the difficulty, and there was no reasonable mode of escape open to him without increasing his danger; such charge pretermitting entering into the fight willingly.

**10. Homicide ⊕=300(2)—Charge as to duty to retreat held properly refused as elliptical.**

In a prosecution for homicide, a charge that, to justify the taking of life, defendant must be free from fault in bringing on the difficulty, and must have retreated, if retreat would not have increased his danger, but, if defendant could not have retreated without endangering his life or limb, his danger need not be real, but it is sufficient if it appears that his life was in danger, held properly refused as elliptical.

**11. Homicide ⊕=295(1) — Instruction as to provocation held properly refused as incomplete.**

In a prosecution for homicide, a charge that if the jury believed from all the evidence that the killing was not malicious and was not premeditated, but that it was the result of the heat of passion caused by a blow, reasonably engendered at the time of the difficulty, defendant could not be convicted of murder in either degree, held properly refused as omitting the word "sole" before the word "result."

**12. Homicide ⊕=300(2)—Charge as to self-defense properly refused as failing to predicate freedom from fault on evidence.**

In a prosecution for homicide, a charge that, if defendant was free from fault in bringing on the difficulty, it is immaterial whether decedent had a weapon, but that, if he made a demonstration such as to lead a reasonable man to believe that he was about to draw a pistol, defendant had a right to fire first, and to kill decedent, without waiting to see whether decedent had a weapon, held properly refused as failing to predicate his freedom from fault on the evidence.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Richard Hamlett was convicted of manslaughter in the first degree, and. he appeals. Affirmed.

The following charges were refused to defendant:

"(31) One is justified in taking the life of another, if at the time the defendant was free from fault in bringing on the difficulty, and there was no reasonable mode of escape open to him without increasing his danger."

"(33) To justify that taking of life the defendant must be free from fault in bringing on the difficulty, and must have retreated, if retreat would not have increased his danger; but, if the defendant could not have retreated without endangering his life or limb, his danger need not be real, but it is sufficient if it appears to a reasonable mind that his life was in danger."

"(40) The court charges the jury that, if they believe from all the evidence that the killing of the deceased was not malicious and was not premeditated, but that it was the [sole] result of the heat of passion caused by a blow, reasonably engendered at the time of the difficulty, the defendant could not be convicted of murder in either degree."

"(43) If the defendant was free from fault in bringing on the difficulty, it is immaterial whether the decedent had a weapon, but, if he made a demonstration such as to lead a reasonable man to believe that he was about to draw a pistol, the defendant had a right to fire first, and to kill decedent, without waiting to see whether decedent had a weapon."

Brassell, Brassell & Brassell, of Montgomery, for appellant.

It was error to permit the testimony of what defendant's sister did after the shooting. Objection to the question whether deceased could have seen defendant should have been sustained. 82 South. 635; 203 Ala. 162, 82 South. 192; 58 Ala. 393; 52 Ala. 370; 159 Ala. 42, 49 South. 224, 133 Am. St. Rep. 17; 8 Ala. App. 46, 62 South. 977. It was error to permit the solicitor to ask a witness if another witness for Hamlett had not been forced to marry his own wife. 87 Ark. 400, 112 S. W. 1084; 165 Ala. 135, 51 South. 722; 4 Ala. App. 83, 58 South. 809; 159 Ala. 97, 48 South. 688; 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; Code 1907, § 4008; 140 Ala. 29, 36 South. 1009; 197 Ala. 613, 73 South. 340; 207 Ala. 566, 93 South. 471.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

One cannot wait until a question is answered before objecting. 90 South. 37; 93 South. 45; 18 Ala. App. 447, 93 South. 42; 18 Ala. App. 507, 93 South. 691. When a witness answers that he does not know, no injury can result to the defendant. 87 South. 708. When the defendant brings out a part of a conversation, the state may bring out the whole. 16 Ala. App. 126, 75 South. 718; 14 Michie's Ala. Dig. 1157; 10 Ala. App. 255, 65 South. 206.

SAMFORD, J. [1, 2] The homicide took place at a café in West End, Montgomery. There were a number of people present. Immediately after the defendant had shot deceased, and deceased was lying on the floor, defendant's sister ran up and "commenced grabbing him, and told them to get away, don't bother him, don't go about him, and defendant's brother, John Hamlett, was running up and down." After this had been testified to by the state's witness McQueen, defendant objected to the testimony, and moved to exclude it, not on the ground that such answer was not responsive to the question, but on the general grounds as being illegal, irrelevant, and immaterial. This testimony came as a part of the narrative of the witness as to the facts leading up to the killing and as to what took place then and there. In describing a homicide a witness should as nearly as possible present to the jury a complete description of everything relating to the crime charged, and everything said and done at the time tending, in even a remote degree, towards shedding light on the killing is admissible as being a part of the res gestæ. But, as to the exception reserved to this testimony, the defendant does not bring himself within the rule. It not being a ground of objection that the answer is not responsive to the question, it is a well-settled rule that defendant may not wait until the question is answered, speculating as to what the answer will be, and, if unfavorable, move to exclude. Fearn v. State, 18 Ala. App. 122, 90 South. 37; Connelly v. State, 18 Ala. App. 424, 93 South. 45; Pittman v. State, 18 Ala. App. 447, 93 South. 42; Patterson v. State, 18 Ala. App. 507, 93 South. 691.

[3] The state, over the objection and exception of defendant, was permitted to ask the witness McQueen, "I will ask you whether deceased saw the man who shot him?" to which witness replied, "I couldn't say; no, sir; I couldn't say that." Motion was made to exclude this answer. No injury could have resulted from this ruling. Locklear v. State, 17 Ala. App. 597, 87 South. 708.

[4, 5] On the cross-examination of the state's witness McQueen, defendant laid a predicate by asking him if he did not have a certain conversation at a certain time and place with one Cleve McElvaine. This the witness denied. On redirect examination this witness was permitted, over the timely objection and exception of defendant, to detail a conversation between himself and McElvaine which witness said did take place. No part of any conversation had been brought out by the defendant on cross-examination. On the contrary, the witness testified there was no such conversation as the one inquired about; and therefore this ruling is not governed by the decisions in Norris v. State, 16 Ala. App. 126, 75 South. 718, and Gibson v. State, 91 Ala. 64, 9 South. 171. The conversation between the witness and McElvaine, in the absence of defendant, and not being a part of the res gestæ, was hearsay, and as such was inadmissible. Edelman v. City of Gadsden, 16 Ala. App. 381, 77 South. 914; Benjamin v. State, 12 Ala. App. 148, 67 South. 792; 13 Michie's Dig. 686, par. 263 (4½). But, subsequent to the introduction of the foregoing evidence, the defendant through and by the testimony of McElvaine proved the conversation made the basis of the predicate, and thus rendered harmless the error complained of. 4 Michie's Digest, p. 575, par. 776, (4).

[6] The various exceptions taken to questions propounded by the solicitor to defendant's witness, while they were being examined on cross-examination, are without merit. There is a wide latitude allowed in the cross-examination of witnesses, in which the court is allowed much discretion. The experience of the courts and the profession from time immemorial has shown that cross-examination is frequently the only method of getting the truth from unwilling, or dishonest witnesses. The limits of such cross-examination must be left largely in the discretion of the trial courts, and, when not abused, will not be reviewed. Fondren v. State, 204 Ala. 451, 86 South. 71; Stevenson v. State, 18 Ala. App. 174, 90 South. 140.

[7] As to the question asked by the witness Cheek, relative to the character of the defendant's witness Hamlett, "You heard the officers of the law forced him to marry his wife?" this question was rendered harmless by being answered in the negative.

[8] When the state's witness McQueen was being examined on rebuttal it was not error for the court to permit him to testify to matters in explanation of conversations testified to as having occurred between witness and defendant's witness, and further to testify as to what he did towards removing a pistol from the dead man before the officer arrived. The defendant's witnesses had testified contra, and the jury was entitled to have McQueen's statement. Lambert v. State, 208 Ala. 42, 93 South. 708; 14 Michie's Dig. p. 1177, par. 306.

[9-12] Charges 9 and 51 are both covered in the written charges given at the request of the defendant. Charge 31 pretermits en-

tering into the fight willingly. Charge 33 is elliptical, and as written in the record is bad. Charge 40 is bad in omitting the word "sole" before the word "result," but the charge is not further considered, because it relates to murder, and the conviction was of manslaughter. Charge 43 fails to predicate "a freedom from fault" on the evidence, and perhaps for other reasons is bad.

From the record in this case the defendant appears to have had a fair and an impartial trial, under rulings of the court permitting a full presentation of his defense to the jury. The charge of the court was full, and fairly presents the issues. The questions were for the jury, and the trial court did not err in refusing to grant a new trial. We find no reversible error in the record and the judgment is affirmed.

Affirmed.