(130 So. 674)

### RAMSEY v. STATE.

7 Div. 688.

Court of Appeals of Alabama.

June 24, 1930.

Rehearing Denied Oct. 7, 1930.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was arraigned upon an indictment, preferred against him by the grand jury, containing two counts. The first count charged the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors or beverages; and the second count charged that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc. To this indictment the defendant interposed a plea of not guilty. At the conclusion of the evidence, it appears from the record by mutual agreement upon suggestion of the trial judge, count 1 of the indictment was eliminated· and the case was given to the jury on count 2 only, which, as stated, charged distilling, etc.

The record shows the following occurrence as to the selection of the jury:

"The Court qualified the venire in said cause, and the Clerk having made copies of the same distributed one to the Solicitor of the Circuit and one to the Counsel of Defendant, and thereupon said Counsel proceeded to strike the jury as provided by law. After the strike had been completed and a jury of twelve men selected, on comparison with the jury lists it was ascertained that State's Jury list remaining on list to try the case did not agree with the list kept by the Clerk and the list kept by Counsel for the Defendant. Upon examination of the three lists it was ascertained that the three separate sheets consisted of an original and two carbon sheets, all made at the same time, and that in making the jury list, in some manner the list fur-nished the State had the jury numbers on it that did not correspond with the other two lists. Whereupon the Court ordered the Jury to be selected again. Defendant then and there objected to being put on this jury list to strike on the ground that he had already struck the jury from top to bottom from this venire, that the State was acquainted with the objection to any juror, and defendant did not think he should be put on the jury again for another strike. Whereupon the court replied: 'I don't think they have any advantage, you are acquainted with theirs too.'

"Thereupon Counsel for the Defendant replied: 'Yes, sir, but we have now been put upon the Jury and we have exercised what the law gives us a right to, of striking. Now we object to being again put on this same jury to strike from.'

"Thereupon the Court made the following order, to-wit:

"And it appearing to the Court that a jury had been struck by the State and by the Defendant from a list prepared by the Clerk, and that on calling the Jury it was discovered that confusion existed in the two lists, whereupon the Court directed the Clerk to make a new list, including the names of all jurors who were on the former list, which the Clerk did.

"The defendant objected to being required to strike again from the list containing a list of all the jurors that were on the original list, out of which the confusion grew, and the Court overruling the objection, and to this ruling of the Court defendant then and there duly excepted."

Appellant here appears to place much stress on this point of decision and strenuously insists that reversible error intervened as a result of the court's action in this connection. In this we cannot agree. We are unable to accord to the incident, and ruling complained of, the serious import insisted upon by appellant. By express terms of the statute, section 8636, Code 1923, the provisions incident to the selection, drawing, summoning, or impaneling of jurors are directory merely, and not mandatory. Jeopardy of the accused had not ensued, and there is nothing apparent to indicate that his substantial rights were in any manner infringed. As we view the matter we are unable to see, after the mistake in the lists of jurors became known, and the attendant confusion, how the trial court could have proceeded other than in the manner shown. There is no merit in this insistence of error.

The record in this case is unusually voluminous for a cause of this character, and innumerable points of decisions are presented as error, but as we view the case the controlling point involves a mere question of fact only; and as conflict appears in some of the

evidence it devolved upon the jury to determine the question of the guilt or innocence of the accused. The corpus delicti was fully proven and without dispute or conflict, and the sole question involved upon the trial below was whether or not this appellant committed the offense complained of or participated therein.

The several state witnesses testified in substance that they located the still in question, naming the time and place, and that it was in full operation with whisky running therefrom and a large amount of the manufactured or distilled product in containers was at the still. That for two or three hours they were concealed in the bushes near the still and saw this appellant actually engaged in its operation. They testified they saw him measuring the whisky; saw him bringing wood to the still several times; saw him replenishing the fire in the furnace under the still; and other acts of like import. They also testified that when their presence became known to this appellant he hurriedly fled from the still, but was pursued and captured by the other state witnesses who ran him down and caught him.

The appellant when testifying admitted his presence at the still, but disclaimed interest therein or any connection with its operation; he testified that he had been working in a field near by, and knowing of the location of the still, he went there to get a drink of whisky and ran, as stated, when the sheriff and his deputies approached.

The court properly allowed the state in rebuttal to offer testimony of the condition of defendant's clothes as to having slop, etc., on them; this in refutation of defendant's insistence that he had only been at the still a short time when the officers appeared. Moreover, this was in the discretion of the court, and no semblance of abuse of such discretion is shown.

It appears that a written showing was offered by the defendant for an absent witness, one Edward Eden, which was admitted by the state, subject to legal objections and exceptions, and when said showing was offered the court upon objection and motion excluded therefrom the following portion thereof: "That witness knows that defendant, Alfred Ramsey, had nothing whatever to do with said still or the manufacture of liquor at said still." The court properly ruled out of the showing the above-quoted portion, for on its face and taken in its most favorable light it expresses a mere conclusion of the witness and was invasive of the province of the jury. A witness may testify to such material facts and circumstances of which he has knowledge; it is for the jury to say by its verdict, from all the evidence, whether or not the defendant was guilty of the crime charged. A witness may not be allowed to testify that one charged with crime is innocent, or that he is guilty, and the objected to portion of the showing is of this import. Moreover, there was no insistence from any source that the absent witness Eden was present at the still at the time in question,, which fact of itself would render his statement inadmissible, irrelevant, and incompetent as being based upon the conclusions of the witness only.

Several other insistences of error are urged in brief of appellant; these have been examined and considered, and the court's rulings in this connection appear so clearly free from prejudicial error there is no necessity of discussing the points involved.

From the entire record we are of the opinion that this appellant was accorded a fair and impartial trial such as the law entitles him; that no prejudicial error occurred in any of the court's rulings. Certainly the evidence adduced was ample upon which to predicate the verdict of the jury and support the judgment of conviction from which this appeal was taken.

Affirmed.