154 So.2d 45

**James Corbitt LEE**

v.

**STATE.**

4 Div. 472.

Court of Appeals of Alabama.

April 2, 1963.

Rehearing Denied May 7, 1963.

Jas. M. Prestwood, Andalusia, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, James Corbitt Lee, stands convicted of murder in the second degree for the killing of Willis Goram, with a penitentiary sentence of twenty years.

The father of deceased testified as a witness for the state. His testimony was that in the early morning hours of March 24, 1962, the defendant came to his house, awakened him and asked to see Willis; that Willis left in the automobile with the defendant and witness did not see his son alive again.

On his cross-examination he testified he had a conversation with defendant's attorney before court convened that morning, in which conversation he stated that as far as he knew deceased and defendant were good friends and there had been no trouble between them. He was asked if he said at that time that he did not believe defendant killed his son. He answered that he didn't believe Corbitt Lee killed deceased but he believed Corbitt knew who did it; that he believed defendant came to his house and took deceased away so someone else could kill him.

■ On his re-direct examination the witness was asked if he had any reason to suspect that somebody else killed his son. He answered: "Well, nothing else only about that whiskey still." The next question was, "What is that about the whiskey

still?" He answered: "Well, the law told me that morning when they come up there that a still was tore up across the branch." Thereupon the defendant moved to exclude "What the law told him." The court overruled the motion. This ruling was erroneous. What was said to the witness by others in defendant's absence was hearsay, and should have been excluded. Riley v. State, 26 Ala.App. 203, 155 So. 882; Hamlett v. State, 19 Ala.App. 218, 96 So. 371; Brewer v. State, 23 Ala.App. 116, 121 So. 689.

Over objection of defendant this witness, on re-direct examination, was allowed to state that he believed someone who thought his son had informed the officers of the whiskey still had sent the defendant to get deceased so he could kill him.

It was not proper for the defense attorney to ask the witness whether he believed the defendant killed his son, since this question referred to the witness the determination of the guilt or innocence of the defendant, which question was for the jury to determine. Eaton v. State, 8 Ala. App. 136, 63 So. 41; Ramsey v. State, 24 Ala.App. 83, 130 So. 674; Martin v. State, 18 Ala.App. 434, 92 So. 913. The state's objection to this question was due to be sustained.

But we do not think the fact that the defendant was allowed to ask whether the witness had told defense counsel he did not believe defendant had killed his son would justify the admission on re-direct examination of the opinions, suspicions and conclusions of the witness as to the motive for the killing and the defendant's participation in the crime. These were matters directly in issue and for the determination of the jury.

For the errors pointed out the judgment must be reversed and the cause remanded.

Reversed and remanded.