# Freeman *v.* The State.

## *Assault and Battery With a Weapon.*

(Decided May 15, 1907.  44 South. 46.)

1. *Criminal Law; Verdict  Surplusage.*—Where the jury found defendant guilty and assessed a fine of $200.00 and six months hard labor for the county, such verdict is not void in toto; the jury having no power to sentence for hard labor, so much of the verdict as fixed hard labor as a punishment, must be treated as surplusage and disregarded.

2. *Assault and Battery; Sentence; Power of Court.*—Under sections 4343 and 5415, the court alone has the power to award hard labor as a punishment upon a conviction of assault and battery with a weapon.

3. *Criminal Law; Sentence for Cost; Determination of Time.*—It is incumbent upon the court in sentencing one for hard labor to pay costs to ascertain and determine the time required to do so at the legal rate per day, and where the court fails to do so the cause will be reversed and remanded for further sentence according to law.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

From a conviction and sentence for assault and battery with a weapon, Tee Freeman appeals. Reversed as to sentence and remanded for sentence in accordance with law.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for State. —No brief came to the Reporter.

[Freeman v. The State.]

DENSON, J.—The verdict of the jury is in this language: "We, the jury, find the defendant guilty of an assault and battery with a weapon, and fix the punishment with a fine of two hundred dollars and six months' hard labor for the county." The jury had no power to fix hard labor as a part of the punishment (Code 1896, §§ 4343, 5415), but this fact does not render the verdict void in toto; the rule being that the addition of hard labor as punishment in the verdict must be treated as mere surplusage.—*Taylor's Case,* 114 Ala. 20, 21 South. 947; *Martin's Case,* 125 Ala. 64, 28 South. 92.

On the verdict as rendered the court might properly sentence the defendant to hard labor to pay the fine and costs, in the absence of payment thereof or else confession of judgment therefor. The power to fix hard labor as additional punishment is given to the court, and it might properly award such additional punishment for a period not exceeding the limits fixed by the statute. The mere fact that the jury attempted to award the additional punishment did not affect the court's power to impose it.—*Martin's Case, supra.* But as the court failed in the sentence to determine the time requisite to work out the costs, as required by the statute (Code 1896, § 4532), the judgment must be reversed as to the sentence, and the cause remanded for the further sentence by the court in accordance with law.—*Linnehan's Case,* 120 Ala. 293, 25 South. 6.

There is no other error in the record.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.