# Felder v. The State.

## Arson.

(Decided January 13, 1914.    64 South. 162.)

1. *Criminal Law; Severance; Motion of State.*—A defendant has no inherent right to demand a joint trial, and there is no error in allowing a motion by the state for a severance, nor is this affected by section 7842, Code 1907, which does no more than authorize a separate trial on the demand of the defendant.

2. *Same; Discretion of Court.*—Where one severance has been allowed, any further motion for severance is addressed to the sound discretion of the trial court.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Hop Felder was convicted of arson, and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.    A severance may be granted on motion of the state, as well as of the defendant, but when one severance has been granted any further motion is addressed to the discre-

tion of the court.—*Malachi v. State,* 89 Ala. 134; *Wilkins v. The State,* 112 Ala. 55.

PELHAM, J.—The defendant appeals from a judgment of conviction of arson in the second degree rendered by the circuit court on August 27, 1913. The transcript contains no bill of exceptions, and the time for presenting and having a bill signed has expired.

The defendant was jointly indicted with Walter Jones, William Cowling, and Stephen Wagner. On July 29, 1912, the jointly indicted William Cowling demanded and was granted a severance. Subsequently, on August 26, 1913, the prosecution was abated as to Jones because of his death, and, on the motion of the state, a severance was granted as to this defendant and Stephen Wagner against the objection of the defendant. In this there was no error. There was no inherent right in the defendant to demand a joint trial with his co-defendant Wagner (*Wilkins v. State,* 112 Ala. 55, 21 South. 56), and the manifest intent of the statute (Code, § 7842) is to give to a defendant jointly indicted with others the right, at his election, to be tried separately (*Woodley v. State,* 103 Ala. 23, 15 South. 820). Besides, after one severance had been allowed, any further motion for severance was addressed to the discretion of the court.—*Malachi v. State,* 89 Ala. 134, 8 South. 104.

There is no error shown by the record, and the judgment of the lower court will be affirmed.

Affirmed.