# Palmer v. The State.

### Murder.

(Decided October 19, 1916.   Rehearing denied November 14, 1916.
73 South. 139.)

1. **Trial; Severance.**—Under § 7842, Code 1907, a defendant jointly indicted with another is without right to demand that the trial be joint, and if no severance is demanded, it is within the sound discretion of the trial court whether the trial shall be joint or separate.

2. **Appeal and Error; Review; Objection, Below.**—In the absence of a demand for severance by one jointly indicted with another for a capital offense, the right to a joint or separate trial was waived, and whether the trial was joint or several rested in the irrevisable discretion of the trial court.

3. **Trial; Severance; Right.**—A defendant jointly indicted with another is without inherent right to demand a joint trial.

4. **Appeal and Error; Record; Presumption.**—Where the record is silent as to severance of trial of defendants jointly indicted, the presumption is indulged that the trial court acted properly, as the granting of a severance upon proper application is a duty ministerial in its nature.

5. **Evidence; Inculpatory Statement.**—In connection with proof of defendant's flight, his statements showing that he contemplated flight were competent as showing a consummation of his first intention.

6. **Same.**—Although weak and inconclusive in themselves, and their weight being a question for the jury, inculpatory statements and conduct of a defendant tending to show flight as a consciousness of guilt is admissible.

7. **Same; Consciousness of Guilt.**—Any conduct or declaration of a defendant having relation to the offense charged indicating his consciousness of guilt, is admissible against him.

8. **Homicide; Evidence; Sale of Liquor.**—Evidence that deceased, while at his house on the night he disappeared, offered to sell liquor to a witness, had no reasonable or legitimate tendency to prove any issue involved in the charge made against defendant, and was properly refused.

9. **Charge of Court; Covered by Those Given.**—It is not error to refuse charges substantially covered by written charges given.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Jesse Palmer was convicted of manslaughter in the first degree and he appeals.   Affirmed.

(Ed. Note—This cause was reviewed by the Supreme Court on certiorari, and writ denied.   See *Palmer v. State*, 198 Ala. 700, 73 South. 1001.)

[Palmer v. The State.]

FARMER & FARMER, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.— (1-3) One of the points pressed on our consideration in this case as requiring a reversal is that the indictment shows the defendant was jointly indicted with one Rudolph Jones, and the judgment entry and proceedings show he was separately tried, without affirmatively showing whether he was arraigned jointly or separately, while the record fails to disclose an order of severance; the contention being that the record should show an order of severance where the defendant was jointly indicted and separately tried, and that its failure to disclose such an order requires a reversal, although no objection or exception was made or taken in the lower court, and the question presented for the first time here on appeal. The judgment entry states the title of the case as "The State of Alabama v. Jesse Palmer," alone, and upon arraignment on December 10, 1915, under this caption of the case as "The State v. Jesse Palmer," the judgment entry recites that the defendant (singular), Jesse Palmer, upon being duly arraigned in open court, pleaded not guilty, and "his" case was regularly set for trial on the following Monday, the 15th day of December, 1915. The judgment entry of December 15, 1915, recites that "the defendant, Jesse Palmer, pleads not guilty" before the jury on the trial of the case against him; and the verdict of the jury, adjudication of guilt, and entire judgment entry conclusively and affirmatively shows that this defendant was separately arraigned and tried. Section 7842 of the Code confers on the defendant the unqualified right to elect to have a separate trial, but confers no right to demand that the trial be joint, and if there is no demand for a separate trial, as provided by statute, it is within the sound discretion of the trial court whether the trial shall be joint or several.—*Wilkins v. State*, 112 Ala. 55, 21 South. 56. Under circuit court rule No. 31 (Code 1907, vol. 2, p. 1525) the right to demand a severance is waived in a capital case unless claimed at or before the time of arraignment, or when the case is set for trial.—*Miller, et al. v. State*, 130 Ala. 1, 30 South. 379. The indictment in this case charges a capital offense. The record does not show that at any time did the defendant avail himself of the opportunity to demand a severance, and the right to have a joint

or several trial was waived and rested in the irrevisable discretion of the trial court.—*Wilkins v. State, supra; Jackson v. State,* 104 Ala. 1, 16 South. 523; *Rogers v. State,* 166 Ala. 10, 52 South. 33; *Hudson v. State,* 137 Ala. 60, 34 South. 854. There was no inherent right in the defendant to demand a joint trial with the one jointly indicted with him (*Felder v. State,* 9 Ala. App. 48, 64 South. 162) ; and, as the judgment entry and entire proceedings set out in this transcript clearly show that the defendant was separately arraigned and tried, and that he offered no objection in the trial court to the regularity of the proceeding, we cannot see that he has anything of which to complain here, when the record shows he received the benefit of everything the statute conferred upon him had he properly and timely availed himself of it—that is, the right to elect to have a separate trial.

(4) When jointly indicted with another or others, the right of a defendant to avail himself of the benefits of the statute to have a several trial, while a clear legal right if timely claimed, is a part of the preliminary proceeding not necessary to be affirmatively shown where, as here, no question was raised, objection made, or exception reserved questioning this preliminary step in the prosecution. See *Paris v. State,* 36 Ala. 232. A severance being an unqualified imperative matter of right, if properly and timely availed of (*Andy v. State,* 87 Ala. 23, 6 South. 53), granting it is a duty of a ministerial nature, and when the record is silent as to this class of duties, appellate courts presume that the trial court and its officers did their duty (*Washington v. State,* 81 Ala. 35, 38, 1 South. 18.)

Cases are to be considered on the record before the court in that case, and any deficiency cannot be supplemented by reference to the record in any other case; but we do not think it out of place, in connection with what we have said as to a severance, and for the purpose of calling attention to the statement of facts (which are in the main similar to those in the record in this case) contained in the report of the case, to refer to the case heretofore before this court, of this defendant's codefendant, Rudolph Jones, alias, etc. See *Jones v. State,* 13 Ala. App. 10, 68 South. 690. It appears from the report of that case a severance was granted at the instance of the codefendant, Jones. The codefendant whose case is now before us is designated as "Jesse Palmore" in the report of that case, but the name is correctly given in the original record as "Jesse Palmer."

[Palmer v. The State.]

The rulings of the trial court on the evidence that are insisted upon as showing error were in most every instance passed upon in the case of *Rudolph Jones v. State, supra;* and, while we have again carefully considered them, we do not think it necessary to again enter upon a detailed discussion of these rulings, as, after again considering them, we adhere to what was there said, and think the discussion in that case sufficient.

The presence of the defendant at the time the witness Snellgrove testified to seeing the deceased with his pocketbook and the remarks made by him as to its contents is sufficiently shown by the evidence set out in the bill of exceptions. In addition to the authorities cited in support of this proposition in *Jones' Case,* see 21 Cyc. 919; *Byers v. State,* 105 Ala. 31, 16 South. 716.

(5-7) Statements of the accused to a witness showing that he contemplated flight were competent in connection with proof of his flight in consummation of his expressed intention. Inculpatory statements and the conduct of the defendant tending to show flight as a consciousness of guilt, though weak and inconclusive in themselves, are admissible. The weight is a question for the jury.—*Montgomery v. State,* 2 Ala. App. 25, 56 South. 92; *McClain v. State,* 182 Ala. 67, 62 South. 241; *McAdory v. State,* 62 Ala. 154. Any conduct or declaration of a person having relation to the offense he is suspected of or charged with, indicating a consciousness of guilt, are admissible evidence against him.—4 Encyclopedic Digest Ala. Reports, p. 130, § 205, and authorities cited.

(8) The court properly refused to allow the defendant to show by the witness Jeff Snellgrove that the deceased, while at his house on the night he disappeared, offered to sell liquor to the witness. This evidence had no reasonable or legitimate tendency to prove any issue involved in the charge against the defendant.

In addition to what was said in the *Jones Case* as to the questions asked the witness Moore, and the evidence elicited thereto on cross-examination not being reversible error, see *Braham v. State,* 143 Ala. 28, 38 South. 919. This testimony had but little materiality, and properly falls within the rule declared in *Braham's Case.*

Other rulings on the evidence not passed on in the *Jones Case* are manifestly correct, and do not, we think, require discussion.

(9) The written charge refused to defendant (marked A) is substantially covered by given charges 1, 5, and 6, and by that part of the court's oral charge embraced in the last paragraph.

We find no reversible error, and the judgment of conviction appealed from must be affirmed.

Affirmed.