(98 South. 310)

**BURKE et al. v. STATE.     (3 Div. 458.)**

(Court of Appeals of Alabama.    Aug. 8, 1923.
Rehearing Denied Oct. 16, 1923.)

**1. Larceny ⊂⊃50—Testimony of prosecutor held relevant, as proving conspiracy by defendants to rob.**

In a prosecution for larceny, testimony of the prosecuting witness that defendants asked him if they might go to a baseball game with him, and other testimony as to inducing him to go to a room in a hotel with them, was relevant as tending to prove a conspiracy between defendants to get prosecuting witness in some secluded place to rob him.

**2. Larceny ⊂⊃55—Evidence held to show conspiracy to rob plaintiff.**

In a prosecution for larceny, evidence that defendants induced the prosecuting witness to go with them to a room in a hotel, where he was lured into a card game and robbed of his money, authorized the jury to find that a conspiracy had been entered into and consummated by the theft of the money.

**3. Criminal law ⊂⊃1170½(1)—Defendants held not prejudiced by question to prosecuting witness.**

Where the evidence tended to show that defendants induced prosecuting witness into a game of poker, and while so engaged one of them forcibly snatched money from his hand, a question to the witness as to whether he had ever played a game of poker where they snatched money before, if error, was not prejudicial to defendants.

**4. Criminal law ⊂⊃351(3)—Evidence that defendants immediately fled city after commission of crime held proper.**

In a prosecution for grand larceny, the court did not err in permitting in evidence that defendants immediately fled the city after the commission of the crime, thereafter permitting defendants to go into full details as to why they had fled.

**5. Witnesses ⊂⊃277(2)—That defendant had left town without paying hotel bill after crime held proper cross-examination.**

In a prosecution for grand larceny, it was within the bounds of legitimate cross-examination to ask defendant if he had left town without paying his hotel bill, as tending to show haste to make his "get-away"; such testimony tending to corroborate the state's. evidence.

**6. Larceny ⊂⊃50—Introduction of defendant to prosecuting witness under fictitious name held relevant.**

In a prosecution for grand larceny, that defendant was introduced to the prosecuting witness under a fictitious name was relevant and competent.

**7. Criminal law ⊂⊃1043(1), 1171(1)—Objections to arguments not considered, where passed upon by the trial court and not injuring defendant.**

The court will not consider objections made to the arguments of the solicitor, though some of them are not without merit, where they did not injuriously affect the substantial rights of defendant, and the questions were passed upon by the trial judge on the motion for new trial, and the objections fail to state that the objectionable statements were objectionable only because they were matters of fact not in evidence.

**8. Criminal law ⊂⊃829(1)—Requested charge held properly refused because covered by general charge.**

In a prosecution for grand larceny, a charge held properly refused as being covered by the general charge of the court.

**9. Larceny ⊂⊃75(1)—Charge making forcible taking an ingredient of grand larceny held properly refused.**

In a prosecution for grand larceny, the charge that the defendants would not be guilty unless they forcibly took. the money from the person of the prosecutor, held properly refused, forcible taking not being a necessary ingredient of grand larceny.

**10. Criminal law ⊂⊃814(3)—Larceny ⊂⊃70 (1)—Charge held properly refused, where in conflict with evidence and misleading.**

In a prosecution for grand larceny, a charge that to find defendants guilty they must have taken and carried away bills of value from the prosecuting witness, and not merely pieces of money of no value, held properly refused, where the evidence, without conflict, showed that defendant got the spendable part of the money, and the charge was misleading in that it required both defendants to have taken the money, when, if either of them feloniously took it and the other aided and abetted, both would be guilty.

On Rehearing.

**11. Criminal law ⊂⊃1170½(1)—Witnesses ⊂⊃240(4)—No error in excluding testimony, in answer to leading question, that prosecutor had declared he had lost his money in a poker game.**

The court did not err in excluding an answer to a leading question that prosecutor had told defendants' witness that he had lost his money in a poker game, and that the cards were "fixed"; no definite predicate having been laid to warrant the asking of a leading, question, and in subsequent testimony witness was permitted to testify to everything said by prosecutor after he claimed he had been robbed, including the statement called for in the leading question.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

E. L. Burke and Smith Batchelor were convicted of grand larceny, and appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte E. L. Burke and Smith Batchelor, 210 Ala. 471, 98 South 312.

These requested charges were refused to defendants:

"C. The court charges the jury that, if from all the evidence you believe that the defend-

ants or one of them took Ellis' money with the intent to steal, and you further believe that Ellis had or owned only $15 of the money so taken, then you cannot convict this defendant as charged in this indictment.

"D. The court charges the jury that they cannot find the defendant Smith Batchelor guilty unless they believe from the evidence that Smith Batchelor either forcibly took money from the person of Mr. Ellis or aided or abetted in a forcible taking of money from the person of Ellis."

"M. The court charges the jury that, in order to find the defendants guilty they must believe from the evidence that the defendants feloniously took and carried away bills of value from Ellis, and it is not enough for them to believe that the defendants took pieces of money which are of no value."

L. A. Sanderson and T. E. Martin, both of Montgomery, for appellants.

It is error to permit argument by the solicitor stating facts not in evidence. Tannehill v. State, 159 Ala. 52, 48 South. 662; White v. State, 136 Ala. 58, 34 South. 177; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Brotherhood v. Trimm, 207 Ala. 587, 93 South. 533; 16 C. J. 893. Counsel argue other questions, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No objection being interposed to the question, a motion to exclude the testimony comes too late. Connelly v. State, 18 Ala. App. 424, 93 South. 45; Pittman v. State, 18 Ala. App. 447, 93 South. 42; Patterson v. State, 18 Ala. App. 507, 93 South. 691. There being testimony to support same, the statements of the solicitor were not objectionable. Mitchell v. State, 18 Ala. App. 417, 93 South. 46.

SAMFORD, J. [1] The prosecuting witness Ellis, while narrating the preliminaries leading up to the alleged theft, said: "After I left them they came on behind me and asked me if they might go to the baseball game with me, if I was in a car." After the witness had testified to this, the defendant objected to the testimony. The theory of the state was that of a conspiracy existing between these defendants and another to get Ellis in some secluded place and then to rob him. Taken in connection with other evidence, as tending to establish a conspiracy, this testimony was relevant. De Bardeleben v. State, 16 Ala. App. 367, 77 South. 979; Leverett v. State, 18 Ala. App. 578, 93 South. 347. Aside from this the objection to this testimony came too late. Connelly v. State, 18 Ala. App. 424, 93 South. 45; Pittman v. State, 18 Ala. App. 447, 93 South. 42.

[2] The foregoing applies to all that testimony as to what was said by defendants just prior to and leading up to the alleged larceny, by way of inducing Ellis to go with them to a room in the Gay-Teague Hotel. The witness Ellis was a stranger in town. These defendants, according to the state's contention, met him and began at once to offer inducements to lure him into a card game. After much persuasion he went with them, and according to his testimony he was robbed of his money. Under the evidence, the jury was authorized to find that a conspiracy had been entered into and consummated by the theft of the money.

[3] The evidence for the state tended to show that defendants induced and engaged Ellis into a game of poker, and while so engaged one of them forcibly snatched money from his hand, to which they were not entitled. The solicitor then asked witness: "Did you ever play any game of poker where they snatched money before." The witness answered: "No, sir." Exception was reserved to the rulings of the court on this evidence. In this ruling the court did not commit reversible error. But, whether error or not, the defendants were not prejudiced thereby.

[4] The state, over the objection and exception of defendants, was permitted to prove that these defendants were arrested in Clanton, Ala. The state is always permitted to prove flight as tending to prove guilt. Explanation of the flight is defensive matter, to be introduced by defendant. That the defendants committed the crime was testified to by the state's witness; that they immediately fled the city and were soon after arrested in Clanton was relevant. Why they fled was for the defendants to explain to the reasonable satisfaction of the jury. This they undertook to do, and the court permitted them to go fully into the whole of the details. In these various rulings the court did not commit error.

The court did not err in sustaining the state's objection to the leading question propounded to defendants' witness McManus by defendant: "He told you he lost his money in a poker game and that the cards had been marked or fixed?" The defendant now insists that this was error, as being a contradiction of the testimony of state's witness Ellis. The rule is that, when the testimony of a witness is sought to be impeached by contradictory statements made out of court. the time, place, and person to whom the statements were made, together with the statement sought to be proven, must be laid in the predicate. By a reference to the testimony of Ellis, we find that no definite predicate had been laid, so as to warrant the asking of the leading question to which objection was sustained.

The questions propounded by the solicitor to the defendant Batchelor, on cross-examination, and to which objections were interposed and overruled, were within the bounds

of legitimate cross-examination as to which much latitude is always allowed.

[5] It was also within the bounds of legitimate cross-examination for the solicitor to ask defendant if he left town without paying his hotel bill, as tending to show haste in making his "get-away." This testimony would not always be relevant, but, under the facts in this case, we think it tends to corroborate the state's evidence as to flight.

[6] That the defendant was introduced to Ellis under a fictitious name was relevant and competent.

[7] The objections made to the arguments of the solicitor or some of them are not without merit, but these questions were passed upon by the trial judge on motion for new trial. It is not every argument, unsupported by evidence, that entitles a defendant to a new trial. Each case must be decided on its own merits, and, after carefully reviewing this evidence and giving to the finding of the judge that consideration due the judgment of a trial judge, we are of the opinion that such remarks of the solicitor as were error did not probably injuriously affect the substantial rights of defendant. Espy v. State, 18 Ala. App. 536, 93 South. 307; Anderson v. State, 209 Ala. 36, 95 South. 171. Moreover, the objectionable statements were objectionable only because they are matters of fact not in evidence. Where this is the case, it is, says Somerville, J.:

"Both just and reasonable to require the objection to so state to the court, and thus aid it to that extent in the decision of the question raised." Birmingham, R. L. & P. Co. v. Gonzalez, 183 Ala. 273–286, 61 South. 80, 84 (Ann. Cas. 1916A, 543).

In this case the objection does not comply with the rule.

[8] Charge C, refused to defendant, was covered by the general charge of the court. But the charge is faulty, in that the person named in the charge does not appear to have been the person from whom the money was stolen.

[9] Charge D was properly refused. Forcible taking is not a necessary ingredient of grand larceny. All that is necessary is that the taking should be felonious.

[10] Charge M was properly refused for two reasons: First. The evidence, without conflict, is that defendant "got the spendable part of the money." This would make the charge abstract. True, the evidence, "He got the spendable part of the money," may have been a conclusion, but no objection was interposed on this ground. Second. The charge is misleading, in that it requires that both defendants should have taken the money, when in fact. if either of them feloniously took it and the other aided and abetted, both would be guilty.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

[11] In seeking to impeach the testimony of the principal state's witness, Ellis, defendants' counsel asked this question: "Is it not a fact that you came down immediately after this and' went to the clerk of the hotel or the houseman or somewhere in the hotel there and told them that you had been gambling up stairs and lost your money with marked cards?". To this question the' witness answered, "No." When McManus was being examined as a witness for defendant, he testified that he (McManus) was auditor at the hotel (not clerk or houseman). Witness was then asked: "He told you he lost his money in a poker game, and 'that the cards had been marked or fixed?" Objection to this question was sustained on the ground that it was leading. There can be no question that the question is leading, and therefore the ruling of the court is without error, unless the question is justified by a predicate previously laid. From a reading of the predicate laid, and the subsequent question asked. it is obvious that the two do not correspond in such particulars as to meet the required rule for the impeachment of testimony, by contradictory statements. Moreover, in the further examination of the witness, McManus, he was permitted to testify to everything said by the witness Ellis when Ellis came into the lobby of the hotel after he claimed to have been robbed, including the statement called for in the leading question to which objection was sustained.

As to the argument of the solicitor to which exceptions were taken, we can but reiterate what was said in the main opinion.

The application is overruled.