146 So. 916

## William AUSTIN v. STATE.
### 8 Div. 658.

Court of Appeals of Alabama.
Feb. 28, 1933.

RICE, Judge.
Affirmed.

139 So. 909

## Quince AYERS v. STATE.
### 8 Div. 523.

Court of Appeals of Alabama.
Feb. 2, 1932.

SAMFORD, J.
Affirmed.

148 So. 915

## Cecil B. BAGGETT v. STATE.
### 6 Div. 342.

Court of Appeals of Alabama.
May 9, 1933.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant was indicted, charged with murder in the first degree for having unlawfully and with malice aforethought killed William Lee Taylor by shooting him with a pistol, etc. The trial in the court below resulted in the conviction of this appellant of manslaughter in the second degree, and the jury fixed his punishment at 90 days' hard labor for the county and also assessed a fine of $200 against him. Judgment of conviction was duly pronounced and entered, in accordance with the verdict of the jury, from which this appeal was taken.

Under the respective insistences upon which this case was tried in the court below, the verdict rendered was most unusual. On the one hand, the state contended and undertook to show by its evidence that the admitted killing of Taylor, the deceased, was unlawful and was committed with malice aforethought as a result of a conspiracy upon the part of the defendant and his kinsman. The state insisted that the motive for killing of Taylor was ill feeling between deceased and the Baggett family of some years standing and in revenge for his (Taylor's) having but recently inflicted certain alleged grievous bodily harm upon the old father of this appellant. There was some evidence which tended to sustain this insistence upon the part of the state. On the other hand, the defendant insisted that no such conspiracy existed, and that the homicide was the result of a sudden altercation between the parties resulting from a dispute between them when this appellant and his cousin, one Drennen Baggett, attempted to pass deceased in an automobile on the highway; the deceased himself being in a car and traveling in the same direction. The defendant insisted and offered some evidence which tended to show that Taylor, deceased, was the aggressor and fired two shots in the Baggett car, before Drennen Baggett, the admitted killer, fired his several shots at Taylor. The court, however, charged the jury as to all the degrees of unlawful homicide, including that of manslaughter in the second degree, and as to the verdict rendered the appellant interposed no specific objection. The affirmative charge as to manslaughter in the second degree was not requested, nor was there a motion for a new trial. The judgment of conviction based upon the verdict will therefore not be disturbed. Woodson v. State, 170 Ala. 87, 54 So. 191.

No briefs have been filed by either party in this court. There were numerous exceptions reserved to the court's rulings upon the admission of evidence. We have carefully examined each of the court's rulings in this connection and discovered none which would justify a reversal of the judgment of conviction.

There is no merit in the exception reserved to the oral charge of the court. As a whole, the charge was full and explicit, and reflected commendable care and precision. Every legal right of the defendant was carefully safeguarded in the court's charge, in addition to which the court gave numerous special charges at request of defendant, many of which, under the facts adduced, were more favorable to the accused than he had a right to demand.

The record is free from reversible error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

140 So. 923

## Earl BAILEY v. STATE.
### 2 Div. 496.

Court of Appeals of Alabama.
March 29, 1932.

BRICKEN, P. J.
Appeal dismissed.