170 So. 352

## CHANDLER v. STATE.

### 6 Div. 3.

Court of Appeals of Alabama.

Oct. 27, 1936.

276

J. A. Posey, of Haleyville, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the county court upon the sworn complaint of one J. W. Walker, wherein this appellant was charged with the violation of section 3474 of the Code 1923; which makes it an offense for any person to willfully injure or deface any church or schoolhouse, etc. The specific offense charged was that he did willfully injure or deface the Moreland school building in said county, a public building used for school purposes, etc., contrary to law.

The trial in the county court resulted in the conviction of the defendant, from the judgment of conviction he appealed to the circuit court and was there tried by a jury; was again convicted and appealed here.

The corpus delicti was proven without dispute. In this connection there was no error in the ruling of the court in allowing the state to introduce evidence tending to show the extent of the damage to the school building and also the nature of the injury to the building. Appellant's insistence in this connection to the contrary cannot be sustained.

The evidence tending to connect the accused with the commission of the offense complained of was in conflict, and therefore presented a jury question rendering inapt the affirmative charge which was requested in writing.

There was evidence tending to show the proximity of the accused near or at the building in question and hence his opportunity to commit the offense complained of; and the court properly allowed the witness, Luther Walker, to give evidence as to a voluntary statement of the defendant, incriminating in its nature, some short time after the building had been admittedly injured or defaced. In our case of Palmer v. State, 15 Ala.App. 262, 73 So. 139, 140, this court said: "Any conduct or declaration of [a defendant] having relation to the offense charged, indicating his consciousness of guilt, is admissible against him." Ex parte Palmer, 198 Ala. 693, 73 So. 1001.

The court charged the jury orally in a fair and explicit manner, to which charge no exception was reserved.

We find no error in any ruling of the court to require a reversal of the judgment of conviction from which this appeal was taken. Said judgment is accordingly affirmed.

Affirmed.