173 So. 272

## LITTLE et al. v. STATE.

### 8 Div. 408.

Court of Appeals of Alabama.

March 16, 1937.

Milo Moody, of Scottsboro, for appellants.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The two appellants were jointly indicted for an assault with intent to murder upon James A. Treece. The indictment was found and returned into open court by the grand jury on September 6, 1934. On September 13, 1935, the two defendants were jointly tried in the court below, and both of them were convicted for the offense of "assault with a knife," the jury fixed their fine at $100 each. Failing to pay the fine and costs of the proceedings, or to confess judgment therefor, the court, as the law requires, duly sentenced each of them to hard labor for the county for the terms provided by statute. From the judgment of conviction, this appeal was taken on September 14, 1935, the cause, however, was not here submitted until January 27, 1937, considerably more than a year after the trial was had in the court below. No explanation as to the cause of this delay appears in the record.

The verdict of the jury finding the defendants guilty of the misdemeanor indicated, had the effect of acquitting the accused parties of the felony charge contained in the indictment, rendering therefore innocuous the two special charges refused to defendants. However, these two charges were properly refused as requiring an acquittal, unless the evidence failed under the required rule to establish their guilt as to the felony charge; included in said charge was the lesser degrees of assault and battery, assault, etc., hence, as stated, the two charges were refused without error.

The evidence in this case was in conflict. That for the state tended to establish the offense for which they were convicted. That for the defendants to the contrary. A jury question was therefore presented.

The first exception noted was to the action of the court in overruling and denying the demand of the defendants for a severance. In this connection, it appears that upon arraignment the two defendants in answer to the indictment interposed their plea of "not guilty." Whereupon, the witnesses were sworn, the jury selected, the case put to the jury, and the examination of the first witness Treece was under way, before the demand for a severance was made. Under these conditions, the defendants had waived the right of severance provided for in section 5570 of the Code 1923; Miller v. State, 130 Ala. 1, 30 So. 379; Palmer v. State, 15 Ala.App. 262, 73 So. 139.

The several exceptions reserved to the court's rulings upon the admission of evidence are so clearly without merit no dis-

cussion of the questions involved is deemed necessary.

The trial proceeded throughout without error calculated to injuriously affect the substantial rights of the two appellants. This applies also to the action of the court in overruling defendants' motion for a new trial.

The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.