190 So. 107

## LAWLEY v. STATE.

### 7 Div. 468.

Court of Appeals of Alabama.

June 13, 1939.

E. L. Roberts, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

The judgment of conviction is affirmed, and the cause is remanded for proper sentence.

Affirmed and remanded.

SAMFORD, Judge.

The indictment in this case charged that the defendant "feloniously took Ninety-Two Dollars ($92.00), of the lawful currency of the United States of America, a further description being unknown to the Grand Jury, the property of O. H. Haygood, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same," etc. The indictment was in Code form charging robbery.

On the trial the jury returned a verdict convicting the defendant of an assault with intent to rob, and fixed his punishment at two years imprisonment in the State penitentiary.

Under Section 8697 of the Code of 1923, the jury was authorized to find the defendant guilty of a degree of crime less than that charged in the indictment. Having so found, the jury had no power to fix the punishment. That duty, under the statute, rests with the trial judge. Section 5278, Code of 1923.

In all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof. Section 5268, Code of 1923.

In the instant case the Court, overlooking this Section of the Code, imposed a determinate sentence of two years, in accordance with the verdict of the jury. This was error. The Court should have ignored that part of the verdict of the jury, and fixed the punishment in accordance with the statute above cited.

There is no error, however, in the record in so far as the conviction is concerned, and the judgment of conviction is therefore affirmed, but the cause is remanded for proper sentence. Freeman v. State, 151 Ala. 10, 44 So. 46; Leonard v. State, 96 Ala. 108, 11 So. 307.