6 So.2d 901

### GRAY v. STATE.

### 8 Div. 977.

Court of Appeals of Alabama.

April 2, 1940.

Rehearing Denied May 20, 1941.

J. N. Powell, of Hartselle, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant defendant below, was charged by indictment with the offense of burglary of a dwelling house in the daytime.

The demurrer to the indictment was not in point and therefore properly overruled.

Upon the trial, the defendant was convicted; the jury returned its verdict, viz.: "We the jury find the defendant guilty as charged in the indictment."

The record proper in this transcript appears to be free from irregularity; certainly, no reversible error is apparent on the record. The bill of exceptions purports to·set out substantially all of the evidence, and conviction of this appellant of the offense of burglary, upon the evidence adduced, appears to this court as being of very doubtful propriety. However, the question of the sufficiency of the evidence to warrant a conviction is not presented for our consideration on this appeal. The affirmative charge in behalf of defendant was not requested; and the purported motion for a new trial appearing only upon the record proper, no mention thereof appearing in the bill of exceptions, renders the court helpless, and without authority to accord to defendant the relief sought to be obtained by said motion.

In seeking a review by the appellate courts upon the ruling of the lower court overruling a motion for a new trial, the statute does not require that the motion and judgment thereon shall be set out in the bill of exceptions, but under the statute, Code 1923, Section 6088, Code 1940, Tit. 7, § 764, it is mandatory that the bill of exceptions must contain a sufficient

recital to show the making of such motion, the ruling thereon, and an exception thereto. These are the express terms of the statute.

Pending the trial numerous objections were interposed upon the introduction of evidence. In some few instances exceptions were reserved to the adverse rulings of the court. Each of these exceptions has had our consideration, and in no instance does it appear that the rulings of the court in this connection were infested with error. As to the instances where objections were made, and no exception reserved to the court's rulings thereon, we cannot, of course, put the court to error; for it is elementary, in the absence of an exception to the court's rulings upon the admission of testimony, nothing is presented for consideration by the appellate court.

As stated above, this court is of the opinion that the conviction of this appellant for the offense of burglary is of very doubtful propriety. But, as also stated, the manner in which the case was tried, and here submitted, fails in any way to present the question of the sufficiency of the evidence to sustain the conviction.

The trial court had jurisdiction of the subject matter and of the person. Having complete jurisdiction, and the judgment being grounded in a verdict accurately responding to the indictment, the adjudication of guilt, and sentence therefor, cannot be void. In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Necessarily, review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction, a ruling of the trial court on that proposition must be properly (usually by special instructions requested; or, by motion of new trial properly presented) invited, in order to invoke or justify a review of the question, so raised below, by the appellate court. Such is the settled rule, on principle and in practice, by which this court is bound. McClung v. State, 25 Ala.App. 131, 142 So. 843; Baggett v. State, 25 Ala. App. 599, 148 So. 915; Dodson et al. v. State, 27 Ala.App. 286, 171 So. 384; Morse v. State, 27 Ala.App. 447, 448, 173 So. 875.

The court refused defendant's written charge 1. We cannot place the court in error for this action, (1) the charge as appears of record is elliptical and also somewhat involved; (2) moreover, the propositions attempted to be incorporated in the charge were fairly and substantially covered in the oral charge of the court; and, in this connection the court's oral charge on the propositions in said charge appear to be more favorable to the defendant than the refused charge itself.

In conclusion, we do not deem it within our province to so suggest; but we do feel, in justice and humanity, if the defendant's attempted insistences, on the trial could be sustained before the proper pardoning and parole authorities, such matters would receive careful and attentive consideration.

From what has been said, this court, in the absence of any error in the rulings of the trial court, must perforce order and adjudge, that the judgment of conviction from which this appeal was taken, must be affirmed.

Affirmed.