1 So.2d 402

## RINER v. STATE.

### 8 Div. 27.

Court of Appeals of Alabama.

Jan. 21, 1941.

Rehearing Denied Feb. 18, 1941.

H. H. Hamilton, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

**RICE, Judge.**

Appellant was regularly put upon trial upon what appears to be a valid charge of illegally being in possession of prohibited liquor, to-wit: whiskey.

No question was raised, so far as disclosed by the record or bill of exceptions, by appellant or his counsel as to the sufficiency of the proof to sustain the charge against him. There was no objection or exception on his part to the admission or refusal to admit evidence; no request for the affirmative charge in his behalf; or for any other written charge. There was no motion for a new trial, nor, in fact, any thing whatsoever to indicate, in behalf of appellant, that the lower court erred in any of its rulings (if any), or in any act or conduct throughout the course of the trial, or thereafter.

In this state of the case on appeal, there is nothing to do but affirm the judgment of conviction.

As our Supreme Court said in its opinion in the case of Woodson v. State, 170 Ala. 87, 54 So. 191: "The trial court had jurisdiction of the subject-matter and of the person. Having complete jurisdiction, and the judgment being grounded in a verdict accurately responding to the indictment [affidavit, here], the adjudication of guilt, and the sentence therefor, cannot be void.

"In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court."

In the Woodson case, from the opinion in which we have just quoted, the Supreme Court (Appellate Court) found as a fact that the evidence in the case was insufficient to warrant a conviction. But ruled as indicated.

Here, we do not reach the point of deciding, and do not decide, whether or not the evidence was sufficient to support the charge against appellant.

According to the decision of our Supreme Court, Code 1923, § 7318, in the Woodson case, supra, we must affirm the judgment of conviction, whether said evidence is sufficient as noted, or whether it is not.

True, there was a vigorous dissent by the lamented Justice Mayfield, in the Woodson case. And the holding in same is criticized to an extent by some of the justices participating in the case of Pugh v. State, 239 Ala. 329, 194 So. 810. But so far as we can see, or are bound, Code 1923, § 7318, it still stands as the law of our State.

The judgment is affirmed.

Affirmed.