13 So.2d 434

## STONE v. STATE.

### 7 Div. 728.

Court of Appeals of Alabama.

March 23, 1943.

Rehearing Denied May 11, 1943.

Roberts & Cunningham, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant was convicted of forgery in the second degree. He had no counsel in his trial in the circuit court, but is represented here by able counsel, who have filed briefs in his behalf and therein urge that the judgment of conviction be set aside because of the insufficiency of the evidence to sustain the charge.

But this court is without authority to do so, were we so minded, because no ruling, as to this, was invoked pending trial, nor was there motion for a new trial.

It is a cardinal rule of appellate practice that "where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate [Supreme] court. Such is the settled rule, on principle and in practice, by which this court is bound." Woodson v. State, 170 Ala. 87, 88, 54 So. 191.

The same rule controls in our court and there are many pertinent holdings sustaining the principle. Riner v. State, 30 Ala. App. 62, 1 So.2d 402, cert. den. 241 Ala. 166, 1 So.2d 403; Whited v. State, 27 Ala. App. 466, 174 So. 545; Bethune v. State, 26 Ala.App. 72, 153 So. 892; Henson v. State, 25 Ala.App. 118, 141 So. 718; Gray v. State, 30 Ala.App. 190, 6 So.2d 901.

There being no question reserved for review in this appellate court, a judgment of affirmance must be ordered.

Nevertheless in deference to the strenuous insistence of learned counsel that the conviction is manifestly unjust because unsustained by sufficient, substantial evidence, it is added that we have carefully studied the record and have concluded that such insistence is not well taken. The proof was uncontradicted that the bonds were forged and that the defendant uttered them in order to procure the release of the principals thereof from jail. From his conduct in connection therewith, the jury was also authorized in concluding that he committed the forgeries. The case of Terry v. State, 29 Ala.App. 340, 197 So. 44, is not essentially different from the instant one and is ample authority for this conclusion.

The judgment is affirmed.

Affirmed.