15 So.2d 743

### CHAMBERS v. STATE.
### 7 Div. 756.

Court of Appeals of Alabama.

June 30, 1943.

Rehearing Denied Oct. 5, 1943.

270

W. T. Starnes, of Pell City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was apparently instituted under the provisions of Section 3324 of the Alabama Code 1928, Annotated. The case originated in the County Court, and from a judgment of conviction in said court he appealed to the circuit court and was there tried upon a complaint filed by the Solicitor, as the law requires, said complaint as appears of record is in words and figures as follows:

"State of Alabama | In the Circuit Court
St. Clair County | Fall Term, 1941
On appeal from the County Court. At Asheville, Alabama.

"The State of Alabama by its Solicitor, complains of Charles A. Chambers alias Foots Chambers, the defendant, that within twelve months before the commencement of this prosecution did drive a

Motor vehicle upon a highway in St. Clair County, Alabama, while in an intoxicated condition.

"Contrary to law and against the peace and dignity of the State of Alabama.

"This 7th day of October 1941."

To said complaint the defendant interposed his plea of "not guilty."

Testimony for the State tended to show that on July 17, 1937, defendant drove an automobile on the public highway in Springville, Alabama, and that he stopped the automobile at Simmons' Garage where he got out of the car and was said to be drunk when he left the car. Austin Simmons, witness for the State, testified: "When I first saw him he was about a block from the shop. He was travelling in an automobile, driving an automobile, about a block from the shop. That was coming up the main highway there in the City of Springville. He stopped that car, stopped at the Simmons Shop. I saw him when he got out of the car, he was drunk, he got out of the car and was just cursing around in the shop there and raising Cain so some one sent for Mr. Martin and he came and got him. Yes, sir, he was drunk."

The State also showed that when appellant was arrested he stated that he had driven the car to the garage, and asked what the arresting officer was going to do with his car.

Testimony for appellant tended to show that he was in a car driven by Robert Colley, now desceased, that the car was stopped at Fowler's Garage about a half block from Simmons Garage, and that the two walked to Simmons Garage where appellant was arrested for public drunkenness. Appellant denied having made the statement that he drove his car to the garage.

The above-quoted testimony and other testimony of like import was sufficient to sustain the charges incorporated in the complaint. As to this, however, the question of the sufficiency of the evidence to sustain the verdict of the jury and the judgment of conviction pronounced and entered in accordance with said verdict is not presented on this appeal. No motion for a new trial was made, nor was the affirmative charge requested. The law is, where there is no request for the affirmative charge, and no motion for a new trial, and no attempt in any manner to question the sufficiency of the evidence to

sustain a conviction the appellate court cannot consider this question on appeal. Gray v. State, 30 Ala.App. 190, 6 So.2d 901.

The few exceptions reserved pending the trial are so clearly without merit a discussion in this connection is not necessary.

No errors appearing· the judgment of conviction from which this appeal is taken is affirmed.

Affirmed.