18 So.2d 110

### BARNES v. STATE.

4 Div. 806.

Court of Appeals of Alabama.

March 21, 1944.

Rehearing Denied March 28, 1944.

350

O. S. Lewis, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

■ It seems definitely to be the law of Alabama that where the record proper is free from error, and the bill of exceptions fails to disclose any exceptions to any action of the court, either as to evidence or instructions, and the sufficiency of the evidence is not challenged at the trial in any way, a conviction must be affirmed as free from error, although the evidence certified to be all that was had on the trial was, as shown by the record, insufficient to show a commission of the offense charged, or of any offense. Woodson v. State, 170 Ala. 87, 54 So. 191.

As stated in the opinion in the Woodson case just next above cited: "In respect of cases in the category to which this case belongs, the jurisdiction which this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court."

The late lamented Justice James J. Mayfield, on the Supreme Court when the decision in the Woodson case, supra, was handed down, dissented vigorously from the holding announced. But so far as we can find the same has been adhered to to this good day. See Shepard's Alabama Citations.

True, the Supreme Court gave forth a somewhat confusing remark concerning the said holding in the Woodson case, in its opinion written by Mr. Justice Foster in the case of Pugh v. State, 239 Ala. 329, 194 So. 810, 812. But so far as we can understand they left it standing. In that Pugh case they said (Mr. Justice Foster writing): "For myself, in which Justice Bouldin concurs, I do not wish to declare to what extent we would be bound by the Woodson case, supra, when the substantial fundamental rights of one charged with a serious crime are disregarded, but when the question is not presented on the record. The other Justices concurring, do not wish to give any expression in that connection."

■ We would not know how to follow the "remark" quoted—if indeed it enjoins any course of conduct on us. So we have followed, and now propose to follow, the holding in the said Woodson case, supra. See Riner v. State, 30 Ala.App. 62, 1 So.2d 402, and other of our cases cited in Shepard's Alabama Citations. Code 1940, Tit. 13, § 95.

This case fits the holding in the said Woodson case, supra, exactly.

Appellant's able counsel argues, and we admit and agree, that the testimony failed completely to prove the corpus delicti.

But the record proper in this transcript is free from irregularity. The trial court had jurisdiction of the subject matter and of the person. The bill of exceptions fails

to show that any exception was reserved, in any manner, to any action or ruling of the trial court on the trial.

Having complete jurisdiction, and the judgment being grounded in a verdict accurately responding to the indictment, the adjudication of guilt, and the sentence therefor, cannot be void. Woodson v. State, supra.

The judgment appealed from is affirmed.

Affirmed.