41 So.2d 440

## MARTIN v. STATE.
### 7 Div. 3.

Court of Appeals of Alabama.
June 21, 1949.

L. Charles Wright, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the first degree, the appellant was convicted of murder in the second degree.

Without factual dispute the accused killed Karl Cochran by shooting him with a twelve gauge shotgun.

With the exception of the participants, the decedent's brother was the only eye witness. His testimony, if accepted as true, made a case of unjustifiable murder. In fact, it was of sufficient potency to have sustained a conviction for the highest degree of unlawful homicide.

The defendant admitted the killing, but claimed that Cochran, the deceased, was advancing on him with an axe.

Mindful of our duty under the law, we have carefully read and considered the entire record. There were no exceptions to the court's able and comprehensive oral charge, no tendered written instructions, and no motion for a new trial. Comparatively few rulings were invoked during the progress of the examination of the witnesses. Counsel for appellant did not in any incident reserve an exception when the court ruled against him. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Couch v. State, 31 Ala.App. 586, 20 So.2d 57.

Under the state of the record we have nothing presented for our review. Riner v. State, 30 Ala.App. 62, 1 So.2d 402; Vandiver v. State, 30 Ala.App. 106, 1 So. 2d 314.

The trial was conducted with considerable care and caution, and every right of the accused to a fair and impartial trial was accorded by the able judge who presided.

It appears evidence that this is another case, among the many, where excessive consumption of whiskey caused or largely contributed to the homicide.

The record proper is in every respect in order.

The judgment of the court below is ordered affirmed.

Affirmed.