50 So.2d 454

### CORBITT v. STATE.

8 Div. 965.

Court of Appeals of Alabama.

Feb. 7, 1951.

H. T. Foster, of Scottsboro, for appellant.

Silas Garrett, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was charged and convicted of the offense of assault and battery. Title 14, Sec. 33, Code 1940.

Mrs. Willie Hall testified that in July 1949 at about nine o'clock P.M. the appellant came to her home and while there struck her two severe blows with his fist. The daughter of the prosecutrix testified to like effect.

The defendant admitted going to the home, but he said it was about sundown. He denied striking the lady or in any manner committing an assault.

■ The general affirmative charge was not requested. Neither was a motion for a new trial filed. In this state of the record the sufficiency of the evidence to support the verdict is not before us for review. Chambers v. State, 31 Ala.App. 269, 15 So. 2d 743; Stone v. State, 31 Ala.App. 166, 13 So.2d 434.

■ There were very few objections during the progress of the trial. In some instances appellant's counsel did not object until after witness answered the question. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Smith v. State, 16 Ala.App. 546, 79 So. 802.

A few times counsel did not except to the rulings of the court when his objections were overruled. Martin v. State, 34 Ala.App. 476, 41 So.2d 440; Rea v. State, 34 Ala.App. 425, 40 So.2d 447.

■ The State was permitted to ask the appellant if he did not secrete himself for two or three weeks after the warrant was issued for his arrest, and if he was not under a bed when the officers did arrest him. This related to flight and the inquiry was proper under the applicable rule. Parmer v. State, 20 Ala.App. 233, 101 So. 482; Burke v. State, 19 Ala.App. 418, 98 So. 310.

It appears that the trial judge received a letter through the mail and he turned it over to the sheriff of the county. The appellant denied that he wrote the letter, and it was not proven that he did.

When the matter came to the fore during the progress of the trial, appellant's counsel moved for a mistrial.

The letter was not introduced in evidence. Neither were its contents made known to the jury. In overruling the motion for a mistrial the court stated:

"There is no letter introduced, therefore, we don't know anything about the letter. The letter, Gentlemen, has no connection unless it is introduced. The contents are of no concern to you."

■ It is evincingly clear that we are not authorized to charge error for the refusal of the court to declare a mistrial on account of this incident. Swindle v. State, 27 Ala.App. 549, 176 So. 372; Lumpkin v. State, 19 Ala.App. 272, 97 So. 171.

■ Written charge numbered 2 shows an endorsement "Refused", but no signature of the judge. This omission prevents a review of the action of the court in refusing the instruction. Title 7, Sec. 273, Code 1940; Womack v. State, 34 Ala.App. 487, 41 So.2d 429.

■ In any event, the charge is not based on the evidence and was properly refused.

The jury returned the following verdict: "We the Jury find the Defendant guilty as charged in the Complaint and we assess his fine at $25.00, and in addition we sentence him to hard labor for the County for a period of six (6) months."

This is another case among the many that come to this court with the same or similar irregularity in the matter of the imposition of punishment. The statute clearly and specifically stipulates the functions of the jury and the court in this regard. It is difficult to understand why there are so many recurrences of these irregularities.

■ However, the fact that the jury without authority fixed the hard labor sentence does not render the verdict void in toto. This will be treated as mere surplusage, and it will be presumed that the trial judge was acting under his own power and authority to award the additional hard

574

labor sentence. Freeman v. State, 151 Ala. 10, 44 So. 46; Martin v. State, 125 Ala. 64, 28 So. 92.

We find no reversible error in the record. The judgment below is ordered affirmed.

Affirmed.