542

71 So.2d 535

## RAGLAND v. STATE.

### 7 Div. 268.

Court of Appeals of Alabama.

March 30, 1954.

Wm. C. Bibb, Anniston, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of robbery.

The defendant did not request the general affirmative charge, neither did he file a motion for a new trial.

■ In this state of the record the sufficiency of the evidence to sustain the judgment below is not presented for our review. Holmes v. State, 35 Ala.App. 585, 50 So.2d 800; Corbitt v. State, 35 Ala.App. 572, 50 So.2d 454.

We will not laden this opinion with any delineation of the evidence.

There was some evidence that the appellant contemplated and attempted flight. Pertinent to this inquiry the State was permitted to prove some statements the defendant made and some conduct on his part.

■ Of course it was well within the rule for the State to prove flight or any at-

tempt thereof. Statements and acts of the accused tending to establish this material inquiry were admissible. Ransom v. State, 23 Ala.App. 440, 126 So. 608; Gilbert v. State, 20 Ala.App. 28, 100 So. 566; McAllister v. State, 30 Ala.App. 366, 6 So.2d 32; Palmer v. State, 15 Ala.App. 262, 73 So. 139.

■ The victim of the robbery was unable to identify the person who attacked her. Shortly after the offense was committed, the investigating officers found a blue cap at the scene of the crime. This was identified by witnesses as being a cap that the defendant had worn. It was retained by the officers and, over defendant's objections, was introduced in evidence at the trial.

This was a material link in the circumstances which tended to connect the accused with the commission of the offense. Dodd v. State, 32 Ala.App. 504, 27 So.2d 259; Burdett v. Hipp, 252 Ala. 37, 39 So.2d 389; Snead v. State, 251 Ala. 624, 38 So.2d 576; Thomas v. State, 257 Ala. 124, 57 So. 2d 625; Myhand v. State, 259 Ala. 415, 66 So.2d 544; Dennison v. State, 259 Ala. 424, 66 So.2d 552.

The few remaining presented questions which we have not responded to do not merit any discussion.

The judgment below is ordered affirmed.

Affirmed.