84 So.2d 361

**Joe HONEYCUTT**

**v.**

**STATE.**

**7 Div. 353.**

Court of Appeals of Alabama.

Aug. 9, 1955

Rehearing Denied Oct. 11, 1955.

Handy Ellis and Karl C. Harrison, Columbiana, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

BONE, Judge.

No opinion was written in this case on the original appeal since no brief was filed by the attorney for the appellant. Out of deference to the attorney for appellant this opinion is submitted on his application for rehearing.

Appellant was indicted by the grand jury of Shelby County on two counts charging the illegal possession of alcoholic beverages. He was convicted and fined $250 and additional sentence of six months hard labor for the county was imposed by the court.

■ There is no necessity for our detailing the facts in the case. The sufficiency of the evidence to support the conviction is not before us since there was no motion to exclude the evidence, no request for the affirmative charge, and no motion for a new trial. Williams v. State, 31 Ala.App. 48, 11 So.2d 870; Pointer v. State, 37 Ala.App. 670, 74 So.2d 615; Ragland v. State, 37 Ala.App. 542, 71 So.2d 535; Chambers v. State, 31 Ala.App. 269, 15 So.2d 743, certiorari denied 245 Ala. 113, 15 So.2d 744; Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401; Whited v. State, 27 Ala.App. 466, 174 So. 545.

Defendant's sole insistence of error in brief is predicated upon the testimony of the witnesses Mosely and Shaw.

A part of the testimony of the witness Mosely was set out in the brief of the learned counsel for the defendant, but since we are limited only to the rulings on the evidence we will not set this testimony out in its entirety.

At one point in the testimony the following took place:

"Q. I want to know what he said?
A. He was talking about the little place under his meat block.

"By Mr. Ellis: I move to exclude that, that is a conclusion of the witness.

"(No ruling)"

Since there was no ruling from the court and no exception was taken, the question of whether or not the motion to exclude was proper is not before this court for review.

No objections were made nor exceptions taken to the testimony of the witness Shaw.

For the above stated reasons the court is of the opinion that the application for rehearing should be overruled.

Application for rehearing overruled.