136 So.2d 892

### Helen FREELAND

v.

### STATE.

8 Div. 789.

Court of Appeals of Alabama.

Nov. 7, 1961.

Rehearing Denied Dec. 5, 1961.

H. G. Bailey, Boaz, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Under an indictment charging her with murder in the second degree, this appellant was found guilty of manslaughter in the first degree, her punishment being fixed at imprisonment in the penitentiary for a term of two years.

The verdict of the jury reads:

"We, the jury find the defendant guilty of Manslaughter in the 1st Degree and fix her punishment at imprisonment in the penitentiary for a period of (2) two years.

"/s/ James L. Hasty
Foreman

"Jury recommend no pardon."

The evidence presented by the State shows that on a Sunday in January 1960, Mr. and Mrs. Roy Mitchell with their three children drove from their home near Birmingham to the Marshall county home of Finis Freeland and his wife Helen Freeland, this appellant. Finis Freeland was the uncle of Roy Mitchell.

The Mitchells had brought some gin with them, and after their arrival at the Freeland home, the adults took a few drinks. The gin seems to have been exhausted and Freeland and Mitchell went out and procured some whiskey.

After dark the Freelands and Mitchells, together with the Mitchells' children, went to some place unidentified and procured 25 gallons of whiskey in five gallon jugs. After this, they drove to the home of Lee May.

After arriving at the May home, there was some more drinking, and a difficulty arose between Finis Freeland and Mitchell, and a few blows were passed. This difficulty was soon abated and Freeland apologized stating that he thought Mitchell was an F.B.I. man. Thereafter, Mitchell told his wife to take the children and get into their car which was parked in the May yard. Mrs. Mitchell complied with this instruction.

Mrs. Mitchell testified that shortly thereafter while seated in the car, she saw Finis Freeland and his wife, this appellant, walk out on the porch and down the front steps. Her husband, Roy, was between them, and appeared to be supported by the Freelands. After they got into the yard, she observed her husband struggling with the Freelands. Freeland was striking at her husband with a knife, and the appellant was striking at him with a pistol. Mrs. Mitchell got out of the car and ran to the group and tried to stop the fight. She caught hold of her husband and tried to pull him away from Freeland. Her husband was bleeding and fell to the ground. This appellant threatened to kill her and her children if she interfered. Mrs. Mitchell ran back to the car and drove off rapidly to seek help. As she drove off,

this appellant fired several shots, some of which struck Mrs. Mitchell's automobile.

Mitchell was fatally wounded in this encounter. His body bore numerous bruises about the head and face which appeared to have been made with a blunt instrument, and there was a knife wound in his chest some four inches deep.

The defense evidence was entirely contradictory to that presented by the State. The appellant denied that she was in the yard during the difficulty. She also denied firing any shots.

■ The evidence presented by the State was amply abundant to support the verdict rendered. In fact, it was ample to have supported a verdict of guilty of murder in the second degree as charged in the indictment. The court therefore properly overruled this appellant's motion for a new trial on those grounds asserting the insufficiency of the evidence.

■ Counsel for appellant argues that the addition of the words, "Jury recommend no pardon" is highly prejudicial to this appellant and rendered the verdict invalid.

The verdict rendered by the jury was entirely responsive to the issues. The recommendation appended by the jury was merely surplusage and must be disregarded.

If the evidence presented by the State be believed to the required degree, and the jury indicated by their verdict they did so believe, we observe that the jury trying this case, in the face of their recommendation, showed a generous degree of charity toward this appellant in fixing the degree of homicide and the punishment imposed.

■ Three charges requested by the appellant in writing were refused without error, being amply covered by either the court's oral instructions or other instructions given at the appellant's request.

Affirmed.

On Rehearing

HARWOOD, Presiding Judge.

In his brief in support of this application for rehearing, counsel for appellant insists that this judgment should be reversed because of the recommendation of no pardon added to the verdict by the jury. Counsel relies on Kitchen v. State, 66 Okl.Cr. 423, 92 P.2d 860, to support his contention. It is true that the Court of Criminal Appeals of Oklahoma did hold that the inclusion of a recommendation of no pardon did render the verdict invalid. However, this was because of the effect of an Oklahoma statute referred to by the court.

On the other hand, the highest appellate courts of Kentucky and Wyoming, in the absence of any statute, have concluded that such recommendations were mere surplusage, and due to be disregarded. Winburn v. Commonwealth, 181 Ky. 183, 203 S.W. 1073, 1074; State v. Eldredge, 45 Wyo. 488, 21 P.2d 545.

As stated in the Winburn case, supra, "If a favorable recommendation may be rejected as surplusage, we perceive no reason why an unfavorable recommendation may not also be rejected." We agree fully with this view.

■ While we have found no Alabama case pertaining specifically to a recommendation of no pardon added to a verdict by a jury, the doctrine of numerous of our cases is to the effect that where a verdict is responsive to the issues, and is clear as to a finding of guilt and the punishment, where the jury must impose punishment, then such extraneous matter as may be added to the verdict by the jury does not affect the validity of the verdict, and such extraneous matter is to be regarded as surplusage. Chappell v. State, 19 Ala.App. 648, 100 So. 75; Baldwin v. State, 27 Ala.App. 259, 170 So. 349; Corbitt v. State, 35 Ala.App. 572, 50 So.2d 454; Beattey v. State, 36 Ala.App. 699, 63 So.2d 287.

Counsel also complains that we did not write to his proposition that the verdict was not supported by a preponderance of the evidence. We had considered this point implicit in our discussion of the sufficiency of the evidence to support the verdict. Regardless, we are clear to the conclusion that this point, under the evidence, is without merit.

Application overruled.